**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X

THE RESEARCH FOUNDATION FOR THE STATE
OF UNIVERSITY OF NEW YORK,

                              Plaintiff,

      -against-

TELLURIC LABS LLC,

                              Defendant.

--------------------------------------------------------------

TELLURIC LABS LLC,

                  Counterclaim Plaintiff,

      -against-

THE RESEARCH FOUNDATION FOR THE STATE
OF UNIVERSITY OF NEW YORK,

                  Counterclaim Defendant,

       and

STATE UNIVERSITY OF NEW YORK AT STONY
BROOK, PETER I. BERNSTEIN, MICHAEL
FERDMAN, PETER MILDER, FARID SAMANDI,
TIANCHU JI, SHENGSUN CHO,

                  Third-Party Defendants.

**ECF Case**

**Case No. 2:21-cv-01898-JS-SIL**

**Return Date:  April 7, 2023**

**Hon. Joanna Seybert**

# THIRD-PARTY DEFENDANT PETER I. BERNSTEIN'S MEMORANDUM OF LAW IN SUPPORT OF HIS <u>MOTION TO DISMISS</u>

L'ABBATE, BALKAN, COLAVITA
 & CONTINI, L.L.P.
*Attorneys for Third-Party Defendant*
*Peter I. Bernstein*
3 Huntington Quadrangle, Suite 102S
Melville, New York 11747
(516) 294-8844

Of Counsel:
   *Marian C. Rice*
   *Meredith D. Belkin*

## <u>TABLE OF CONTENTS</u>

<u>Pages</u>

TABLE OF AUTHORITIES ........................................................................................ii

PRELIMINARY STATEMENT .................................................................................. 1

STATEMENT OF ALLEGATIONS ............................................................................ 2

PROCEDURAL HISTORY ......................................................................................... 3

ARGUMENT ............................................................................................................... 5

POINT I

      THE THIRD PARTY ACTION SHOULD BE DISMISSED FOR
      FAILURE TO PROSECUTE ................................................................................. 5

POINT II

      THE EIGHTH AND THIRTEENTH CAUSES OF ACTION FAIL
      TO PLAUSIBLTY ALLEGE A CLAIM AGAINST MR. BERNSTEIN
      UPON WHICH RELIEF MAY BE GRANTED ...................................................... 7

           A.    The Standard for Dismissal under F.R.C.P. 12(b)(6) ........................... 7

           B.    Eighth Cause of Action Fails to State a Claim for
                 Conversion ......................................................................................... 9

           C.    The Thirteenth Cause of Action for Malicious
                 Interference with a Contractual Relationship Also
                 Fails to State a Claim ......................................................................... 9

CONCLUSION ......................................................................................................... 13

## <u>TABLE OF AUTHORITIES</u>

Page(s)

<u>Cases</u>

*Achtman v. Kirby, McInerney & Squire, LLP,*
   464 F.3d 328 (2d Cir. 2006)......................................................................................8

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ........................................................................................8, 12

*ATSI Communications, Inc. v. Shaar Fund, Ltd.,*
   493 F.3d 87 (2d Cir. 2007)......................................................................................8

*Barker v. Amorini,*
   121 A.D.3d 823, 995 N.Y.S.2d 89 (2d Dep't 2014)................................................9

*Bell Atlantic Corp. v. Twombly,*
   550 U.S. 544 (2007) ...........................................................................................7, 8

*Burger v. Brookhaven Med. Arts Bldg.,*
   131 A.D.2d 622 (2d Dep't 1987) ......................................................................10, 11

*Capstone Equity LLC v. CPS Grp. Inc.,*
   2013 WL 3872081 (S.D.N.Y. July 26, 2013) .........................................................6

*CSI Grp., LLP v. Harper,*
   153 A.D.3d 1314, 61 N.Y.S.3d 592 (2d Dep't 2017)..............................................9

*Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd.,*
   812 F.Supp.2d 186 (E.D.N.Y. 2011) ......................................................................6

*Four Finger Art Factory, Inc. v. Dinicola,*
   No. 99 CIV. 1259 (JGK), 2001 WL 21248 (S.D.N.Y. Jan. 9, 2001) ......................10

*Goldman v. Walder, Sondak & Brogan, P.A.,*
   1998 WL 5391 (S.D.N.Y Jan. 7, 1998) ................................................................11

*Gross v. Waywell,*
   628 F.Supp.2d 475 (S.D.N.Y. 2009) ......................................................................7

*Hahn v. Wylie,*
   54 A.D.2d 629, 387 N.Y.S.2d 855 .......................................................................10

*Harris v. Mills,*
   572 F.3d 66 (2d Cir. 2009)..................................................................................7, 8

*In re Abreu,*
   527 B.R. 570 (Bankr. E.D.N.Y. 2015) ...................................................................11

*Designs, Inc. v. Old Navy, LLC,*
   647 F.3d 419 (2d Cir. 2011)..................................................................................12

*LEP Transport, Inc. v. Renaissance International Textiles, Ltd.,*
   131 A.D. 2d 374 (1st Dep't 1987) .........................................................................10

*Liberty Synergistics, Inc. v. Microflo, Ltd.,*
   2017 WL 9512403 .................................................................................................5

*Nagan Constr., Inc. v. Monignor McClancy Mem. High Sch.,*
   117 A.D.3d 1005 (2d Dep't 2014) ........................................................................10

*Nodify, Inc. v. Kristan,*
   2020 WL 13566475 (E.D.N.Y. Apr. 17, 2020).....................................................6, 7

*Ray Legal Consulting Grp. v. DiJoseph,*
   No. 13 CIV. 6867 (KPF), 2016 WL 1451547 (S.D.N.Y. Apr. 12, 2016)................11

*Sea–Land Service, Inc. v. Banca De Republica De Dominica,*
   697 F.Supp. 253 (E.D.La.1988) .............................................................................6

*Tri-Star Lighting Corp. v. Goldstein,*
   151 A.D.3d 1102 (2d Dep't 2017) ........................................................................10

*U.S. ex rel. Reliable Const. PM, Inc. v. Land Frog, Inc.,*
   2015 WL 740034 (E.D.N.Y. Feb. 20, 2015).........................................................6, 7

*Whitman Realty Group, Inc. v. Galano,*
   41 A.D.3d 590, 838 N.Y.S.2d 585 (2d Dep't 2007).................................................9

<u>Rules</u>

F.R.C.P. 12(b)(6) ...........................................................................................i, 1, 7
F.R.C.P. 41 .............................................................................................................5
F.R.C.P. 41(b)......................................................................................................5, 6

## PRELIMINARY STATEMENT

This memorandum of law is submitted on behalf of Third-Party Defendant Peter I. Bernstein in support of his motion to dismiss the third-party action asserted by Defendant/Third-Party Plaintiff Telluric Labs, LLC ("Telluric") pursuant to Rules 12(b)(6) and 41 of the Federal Rules of Civil Procedure.  Mr. Bernstein is a partner at Scully, Scott, Murphy & Presser PC, counsel of record to Plaintiff, The Research Foundation for the State of University of New York (the "Research Foundation"). The Research Foundation's Complaint alleges that Telluric breached three separate contracts.  Telluric has asserted counterclaims against the Research Foundation and a First Amended Third-Party Complaint against Mr. Bernstein, State University of New York at Stony Brook ("SBU"), Michael Ferdman, Peter Milder, Farid Samandi, Tiachu Ji and Shengsun Cho.  Ferdman and Milder are employees of SBU and Samandi, Ji and Cho are students at SBU.  A copy of the First Amended Answer with Counterclaims and First Amended Third Party Complaint dated July 9, 2021 ("TCP") is annexed to the Declaration of Marian C. Rice dated February 17, 2023 as Exhibit 1.

In its TCP, Telluric alleges that it sent correspondence to Mr. Bernstein, as counsel for the Research Foundation, requesting the return of its equipment. Telluric alleges that Mr. Bernstein learned that the loss of the equipment would create a hardship for Telluric, and "advised his client to confiscate, transport, and hide Telluric's equipment into an undisclosed storage location as leverage to compel a settlement of disputed invoices in exchange for the return of the Equipment." TPC ¶¶105-107.  Based on this alleged advice to his client, Telluric asserts two claims against Mr. Bernstein.  The Eighth Cause of Action alleges a claim for Failure to Return all Devices Furnished by Telluric and the Thirteenth Cause of Action alleges a claim for Malicious Intentional Interference with a Contractual Relationship.  The conversion claim

fails because the equipment has been available for pick-up by Telluric since October 2020, and Mr. Bernstein has never had possession or control over the equipment.  Moreover, the Malicious Intentional Interference with a Contractual Relationship fails, as a matter of law, because (i) Mr. Bernstein cannot be held liable for the acts of the Research Foundation because the allegedly tortious conduct of a client cannot be enforced against their attorney; (ii) an attorney providing advice to a client with respect to the client's rights under a contract, cannot be sued for tortious interference with that same contract and (iii) the contract between Telluric and the Research Foundation was breached before the Research Foundation retained Mr. Bernstein's firm to represent it in the breach of contract claim.

Furthermore, Telluric's third-party claims should be dismissed for failure to prosecute.  It is well established that a corporation may not appear in federal court except through counsel. Telluric has been advised by the Court numerous times that it cannot litigate this action without counsel.  Despite these directives, Telluric has violated court order and failed to retain counsel.

Based on the foregoing, the third-party action against Mr. Bernstein should be dismissed.

## STATEMENT OF ALLEGATIONS

The TPC alleges that on or about September 25, 2020 and October 1, 2020, Telluric sent the Research Foundation correspondence requesting the return of Telluric's equipment. TPC ¶¶105-16.  Telluric alleges that on October 2, 2020, it sent correspondence to Mr. Bernstein, as counsel for the Research Foundation, requesting the return of the equipment.  TPC ¶106. Telluric alleges that once Mr. Bernstein learned the loss of the equipment would bring hardship to Telluric, he "advised his client to confiscate, transport, and hide Telluric's equipment into an undisclosed storage location as leverage to compel a settlement of disputed invoices in exchange for the return of the Equipment."  TPC ¶107.

2

By letter dated October 8, 2020, Mr. Bernstein made a settlement "proposal" to Telluric's counsel that would settle the dispute involving two of the agreements.  TPC ¶151 and Ex. 2.  Mr. Bernstein, as counsel for the Research Foundation, proposed simultaneously providing Telluric with its equipment in exchange for the balance due to the Research Foundation under two of the breached agreements.  *Id.*   In that same letter, Mr. Bernstein offered to further discuss the proposal.  *Id.*

On December 7th, Mr. Bernstein and Telluric's counsel discussed the resolution of the two contracts disputed.  In his email dated December 8, 2020, Telluric's counsel wrote:

> To confirm the contents of our conversation from yesterday, Telluric Labs will pay RF the balance amount of $8292.33 for the Subaward contract dated March 11, 2019, which concerns research conducted in Dr. Suchalkin's lab, in exchange for releasing possession of all Telluric Lab's materials, tools and equipment….

Ex.3.

Mr. Bernstein replied by email of December 9, 2020, that the Research Foundation denied any equipment had been wrongfully detained.  *Id.*   The December 9 email attached photographic evidence of the equipment.  *Id.* Despite the apparent agreement of December 8, 2020, Telluric ignored all further efforts to resolve the dispute.

On June 22, 2021, Mr. Bernstein again advised Telluric's counsel that as long as it followed Covid protocols in place, the equipment was available for pick-up at SBU on 24-hour notice.  Ex. 4.

## PROCEDURAL HISTORY

The Research Foundation filed its complaint against Telluric on April 8, 2021 [ECF Doc. 1].  Thereafter on July 12, 2021, Telluric filed its First Amended Answer with Counterclaims and First Amended Third-Party Complaint, asserting third-party claims against Mr. Bernstein [ECF Doc. 11-1]. On September 2, 2021, nearly 18 months ago, Mr. Bernstein submitted a pre-motion

letter requesting permission to file a motion to dismiss in this matter.  Plaintiff moved to disqualify Telluric's original counsel, Michael Ivanciu and Codrut Radulescu, two principals of Telluric, on the grounds that they were fact witnesses.   In retaliation, Telluric moved to disqualify Mr. Bernstein from representing Plaintiff.  The Court denied Mr. Bernstein's request for a pre-motion conference on the motion to dismiss the TPC with leave to renew once the disqualification motions were resolved.

By Memorandum and Order dated November 17, 2021 Magistrate Justice Locke granted Plaintiff's motion to disqualify Mr. Ivanciu and Mr. Radulescu, denied Telluric's motion to disqualify Mr. Bernstein and stayed the matter for 30 days to allow Telluric to retain new counsel [ECF Doc. 57].   Telluric objected to Judge Seybert but did not seek a stay of the November 17, 2021 Order.   Telluric's retention of new counsel was not timely and a notice of appearance was not filed by Gearhart Law until January 11, 2022.

Mr. Bernstein thereafter, on February 10, 2022, renewed the request for a pre-motion conference on Mr. Bernstein's motion to dismiss [ECF Doc. 68].   Once Judge Seybert confirmed the November 17th Order [ECF Doc. 95], the pre-motion conference was waived and a briefing schedule was set on Mr. Bernstein's motion to dismiss.   Three weeks before the motion to dismiss was to be filed, on September 2, 2022, after months of delays, Telluric's counsel submitted a request for leave to file a motion to withdraw as counsel.  On September 6, 2022 Magistrate Justice Locke stayed all discovery pending the resolution of the motion to withdraw. Telluric opposed its counsel's request.   By electronic order dated September 7, 2022 Judge Seybert stayed the briefing schedule on the motion to dismiss the claims against Mr. Bernstein until resolution of the withdrawal motion.

At a hearing on October 6, 2022, the Court granted Gearhart Law's motion to withdraw and ordered Telluric to retain new counsel [ECF Doc. 110].  On January 12, 2023 there was a status conference held before Magistrate Judge Locke.  Telluric did not have counsel as the conference, but instead, previously disqualified attorneys Michael Ivanciu and Codrut Radulescu appeared on behalf of Telluric.  At the conference Telluric was ordered that it must have counsel and cannot represent itself and that failure to obtain counsel may result in a default. [ECF Doc. 116].  By Electronic Order dated January 17, 2023, Judge Seybert reinstated a briefing schedule for this motion and reiterated that "Telluric must have counsel and cannot represent itself. Thus, any failure by Telluric to respond to these motions through retained counsel may result in the Court deeming the motions unopposed and/or result in a default on those motions." On February 3, 2023, a Certificate of Default was entered against Telluric for failure to appear or otherwise defend this action.  [ECF Doc. 123].  To date, Telluric has not retained counsel to represent it in this action.

## ARGUMENT

### POINT I

### THE THIRD PARTY ACTION SHOULD BE
### DISMISSED FOR FAILURE TO PROSECUTE

Telluric has a pattern of delays and failure to timely retain counsel in this matter.  It is well established that a corporation may not appear in federal court except through counsel. *Liberty Synergistics, Inc. v. Microflo, Ltd.*, 2017 WL 9512403 (E.D.N.Y. May 11, 2017(J. Locke).  Where a corporate plaintiff fails to appear by counsel, dismissal for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure is appropriate.  *Id.*  Rule 41(c) provides that Rule 41 "applies to a dismissal of any counterclaim, crossclaim, or third-party

claim" and therefore Telluric's third-party claims can be dismissed pursuant to Rule 41(b). *Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd*., 812 F.Supp.2d 186, 197 (E.D.N.Y. 2011), citing S*ea–Land Service, Inc. v. Banca De Republica De Dominica*, 697 F.Supp. 253, 260 (E.D.La.1988) for using Fed.R.Civ.P. 41(b) to dismiss the defendant's counterclaims and third-party complaint.

Dismissal under Rule 41(b) involves consideration of five factors: (1) the duration of the Telluric's failure to comply with the court order; (2) whether Telluric was on notice that failure to comply would result in dismissal; (3) whether Mr. Bernstein is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Nodify, Inc. v. Kristan*, 2020 WL 13566475 (E.D.N.Y. Apr. 17, 2020); *Estate of Ellington*, 812 F.Supp.2d at 197.

Here all five factors favor dismissal. On October 6, 2022, Telluric was given ninety days to retain counsel which is more than sufficient. It has now been over four months and Telluric has still not retained counsel. *U.S. ex rel. Reliable Const. PM, Inc. v. Land Frog, Inc.*, 2015 WL 740034 at *3 (E.D.N.Y. Feb. 20, 2015) (although the court stated that there is no "magic number" of months sufficient to satisfy this prong, the court found that six months from the time counsel filed his motion to withdraw was sufficiently long); *Capstone Equity LLC v. CPS Grp. Inc.*, 2013 WL 3872081, at *3 (S.D.N.Y. July 26, 2013) (dismissing corporate plaintiff's case for failure to retain counsel after two and-a-half months). Telluric has been advised by the Court on numerous occasions that it cannot litigate this action without counsel. A Certificate of Default has already been entered against Telluric for failure to appear or otherwise defend this action. ECF Doc. 123. Mr. Bernstein has been prejudiced because he has been forced to litigate this

frivolous and meritless third-party action which has been prolonged by Telluric's failure to retain counsel. *Nodify, Inc. v. Kristan*, 2020 WL 13566475 at *2 (finding the Court may presume judice to defendants forced to bear expense of defending a lawsuit where the plaintiff has shown little to no interest in litigating lawsuit); *U.S. ex rel. Reliable Const. PM, Inc. v. Land Frog, Inc*., 2015 WL 740034 at *3 (E.D.N.Y. Feb. 20, 2015) ("the Court may presume that defendants are prejudiced where a corporate plaintiff does not heed its 'duty of due diligence to move its case forward,' by failing to obtain counsel"). Dismissal is particularly appropriate here, where, as discussed below, the third-party action is completely void of any merit and was simply brought to harass Mr. Bernstein.

Based on the foregoing, the third-party claims against Mr. Bernstein should be dismissed for failure to prosecute.

**POINT II**

**THE EIGHTH AND THIRTEEN CAUSES OF ACTION
FAIL TO PLAUSIBLY ALLEGE A CLAIM AGAINST
MR. BERNSTEIN UPON WHICH RELIEF MAY BE GRANTED**

**A.      The Standard for Dismissal under F.R.C.P. 12(b)(6)**

In assessing a motion to dismiss under F.R.C.P. 12(b)(6), dismissal of the TPC is appropriate where the third-party plaintiff has failed to offer sufficient factual allegations making any asserted claim "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Gross v. Waywell*, 628 F.Supp.2d 475, 480 (S.D.N.Y. 2009). After *Twombly*, the Second Circuit explained that the Court's inquiry under Rule 12(b)(6) is guided by two principles. *Harris v. Mills*, 572 F.3d 66 (2d Cir. 2009). "First, although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere

7

conclusory statements, do not suffice.'" *Id.* (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). "'Second, only a complaint that states a plausible claim for relief survives a motion to dismiss and '[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (*quoting Iqbal*, 556 U.S. at 675-676). "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to [defeat] a motion to dismiss." *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006). "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). Where, as here, Telluric has "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly, supra*, 550 U.S. 544, 570 (2007).

In *Aschcroft,* the Supreme Court analyzed the plaintiff's allegations that were not entitled to the assumption of truth. Language claiming that the *Ashcroft* defendant "knew of", "condoned", and "willfully and maliciously agreed to subject [him]" were held to be bare assertions. In addition, allegations that Ashcroft was the "principal architect" of a policy and that one of the parties was "instrumental" in "adopting and executing" the policy were likewise held insufficient as bare assertions and held by the court to be "nothing more than 'formulaic recitation' of the elements". *Iqbal,* 556 U.S. at 1951.

Here, both the Eighth and Thirteenth Causes of Action against Mr. Bernstein fail to state claims upon which relief can be granted.

**B.  Eighth Cause of Action Fails to State a Claim for Conversion**

The Eighth Cause of Action sounding in conversion fails to state a claim because there are no allegations that Mr. Bernstein ever had ownership or possession of the equipment.  "A cause of action alleging conversion should be dismissed when the plaintiff does not allege 'legal ownership or an immediate right of possession to specifically identifiable funds and that the defendant exercised an unauthorized dominion over such funds to the exclusion of the plaintiff's rights.'"  *CSI Grp., LLP v. Harper*, 153 A.D.3d 1314, 1320, 61 N.Y.S.3d 592, 599 (2d Dep't 2017), *leave to appeal dismissed*, 31 N.Y.3d 1061, 101 N.E.3d 971 (2018) (quoting *Whitman Realty Group, Inc. v. Galano*, 41 A.D.3d 590, 592, 838 N.Y.S.2d 585 (2d Dep't 2007)); *Barker v. Amorini*, 121 A.D.3d 823, 825, 995 N.Y.S.2d 89, 91 (2d Dep't 2014).  Not only are there no allegations that Mr. Bernstein ever had legal ownership or an immediate right of possession to any of Telluric's equipment, but in fact, the TPC alleges that the equipment is at an undisclosed location on SUNY campus.  TPC ¶143.  Moreover, the equipment has been available for pick-up by Telluric since October 2020.  Ex. 2.  Therefore, the Eighth Cause of Action for conversion should be dismissed.

**C.   The Thirteenth Cause of Action for Malicious Interference with a Contractual Relationship Also Fails to State a Claim**

The Thirteenth Cause of Action for Malicious Intentional Interference with a Contractual Relationship should be dismissed because Mr. Bernstein cannot be held liable for the acts of the Research Foundation.  It is well established that an attorney providing advice to a client with respect to the client's rights under a contract, cannot be sued for tortious interference with that same contract.  That Telluric did not like the advice does not give rise to a viable claim.

The elements of a cause of action alleging tortious interference with contract are: (1) the existence of a valid contract between the plaintiff and a third party, (2) the defendant's

knowledge of that contract, (3) the defendant's intentional procurement of a third-party's breach of that contract without justification, and (4) damages." *Tri-Star Lighting Corp. v. Goldstein,* 151 A.D.3d 1102, 1105 (2d Dep't 2017) quoting *Nagan Constr., Inc. v. Monignor McClancy Mem. High Sch.*, 117 A.D.3d 1005, 1006 (2d Dep't 2014).

In the first instance, the TPC alleges that Mr. Bernstein was not even involved until after the dispute over the contract obligations already arose. TPC¶143. As a result, any act on the part of Mr. Bernstein did not "intentionally procure" the Research Foundation's supposed breach.

Moreover, the TPC acknowledges that the acts attributed to Mr. Bernstein were as counsel to the Research Foundation. TPC¶143. To establish intentional procurement of the breach, Telluric must allege that Mr. Bernstein acted outside the scope of his authority. *Four Finger Art Factory, Inc. v. Dinicola*, No. 99 CIV. 1259 (JGK), 2001 WL 21248, at *7 (S.D.N.Y. Jan. 9, 2001) ("if an attorney or any other agent of a contracting party takes actions that induce a breach of contract while acting within the scope of an agency relationship and is not motivated by personal gain, the attorney or agent is not liable to the third party for tortious interference with contract"); *Burger v. Brookhaven Med. Arts Bldg.*, 131 A.D.2d 622 (2d Dep't 1987).

In *LEP Transport, Inc. v. Renaissance International Textiles, Ltd.*, 131 A.D. 2d 374, 376 (1st Dep't 1987), the court recognized the civil protection from liability for attorneys representing their clients:

> this court does not regard with favor a party suing its adversary's lawyer when, as in the situation herein, opposing counsel seems to have been doing nothing more than conscientiously representing his client. As this court observed in *Hahn v. Wylie*, 54 A.D.2d 629, 387 N.Y.S.2d 855: "It is recognized that 'The public interest … demands that attorneys, in the exercise of their proper functions as such, shall not be civilly liable for their acts when performed in good faith and for the honest purpose of protecting the interests of their clients'"

Mr. Bernstein is not liable to Telluric for the supposed conduct of his client, the Research Foundation.  There is no question that the TPC alleges that at all times Mr. Bernstein was acting in its role as counsel to the Research Foundation. All the allegations in the TPC pertaining to Mr. Bernstein, involve actions undertaken on behalf of the Research Foundation.

"In New York State, an attorney is not liable to third parties absent a showing of 'fraud or collusion, or of a malicious and tortious act.'" *Goldman v. Walder, Sondak & Brogan, P.A.,* 1998 WL 5391 (S.D.N.Y Jan. 7, 1998), *quoting Burger v. Brookhaven Med. Arts Bldg.,* 131 A.D.2d 622 (2d Dep't 1987).  "[A] plaintiff asserting tortious interference against an attorney acting on behalf of a client must meet a higher standard: Attorney liability requires either malicious intent or personal interest." *Ray Legal Consulting Grp. v. DiJoseph*, No. 13 CIV. 6867 (KPF), 2016 WL 1451547, at *8 (S.D.N.Y. Apr. 12, 2016). No such allegations have been pleaded in the present case.  Telluric does not allege that Mr. Bernstein acted in his personal interest; rather, it is alleged that he acted at all times in his capacity as the Research Foundation's counsel.  Nor are there any allegations of malicious intent.  In *In re Abreu*, 527 B.R. 570, 585–87 (Bankr. E.D.N.Y. 2015), the court held that conclusory allegations that attorneys acted intentionally and improperly, unaccompanied by any factual support that would permit an inference that the attorneys acted other than in their capacity as attorneys for their client, are insufficient to state a claim.  Here, there are no factual allegations that Mr. Bernstein ever acted in any capacity other than counsel for the Research Foundation.

Telluric's counsel has taken the baseless position that Mr. Bernstein's settlement "proposal" on behalf of the Research Foundation that included a return of the equipment was "extortion" and, therefore, an independent tort that would subject an attorney to liability to a third party.  Although the Court must accept factual allegations in a complaint as true, it need not

credit "mere conclusory statements." *Iqbal*, 556 U.S. at 678.  Nor should a court accept factual allegations that are "contradicted by more specific allegations" or other documentary evidence that can be considered on a motion to dismiss.  *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011).

The deficient and frankly incredible allegations of extortion are belied by the communications among the parties that are referenced in the TPC. By letter dated October 8, 2020, Mr. Bernstein made a settlement proposal to Telluric's counsel that would settle the dispute involving two of the three agreements at issue.  TPC¶151 and Exhibit 2. In that same letter, Mr. Bernstein offered to be available to further discuss the proposal.  On December 7th, Mr. Bernstein and Telluric's counsel discussed the resolution of the two contracts disputed.  In his email dated December 8, 2020, Telluric's counsel wrote:

> To confirm the contents of our conversation from yesterday, Telluric Labs will pay RF the balance amount of $8292.33 for the Subaward contract dated March 11, 2019, which concerns research conducted in Dr. Suchalkin's lab, in exchange for releasing possession of all Telluric Lab's materials, tools and equipment….

Exhibit 3, pp. 3-4.

Mr. Bernstein replied by email of December 9, 2020, that the Research Foundation denied any equipment had been wrongfully detained.  *Id.*, p.1.  Contrary to the allegation of the TPC, Telluric was advised of the location of the equipment and even provided with photographic evidence.   Compare *Id.*, p.2 and TPC¶103.

Telluric was represented by its counsel during the negotiations.  On December 22, 2020, the draft settlement agreement was sent to Telluric's counsel.  Follow up emails dated January 6, January 13, and January 26, 2021 were ignored.  On June 22, 2021, Mr. Bernstein, as counsel for the Research Foundation advised Telluric's counsel that as long as it followed Covid protocols

the Research Foundation had in place, the equipment was available for pick-up at SBU on 24-hour notice. Exhibit 4.

A fair reading of the correspondence, the continued willingness to discuss, and the affirmative acceptance of the proposal by Telluric's attorney on December 8, 2020 could hardly be categorized as extortion. Telluric's conclusory allegations of extortion are insufficient to state a claim upon which relief can be granted.

Based on the foregoing, the Eighth and Thirteenth Causes of Action should be dismissed.

## **CONCLUSION**

For the reasons stated above, Third-Party Defendant Peter I. Bernstein respectfully requests the Court dismiss the claims asserted against him in the Amended Third-Party Complaint, together with such other and further relief as to the Court seems proper.

Dated: Melville, New York
      February 17, 2023

Respectfully submitted,

L'ABBATE, BALKAN, COLAVITA
 & CONTINI, L.L.P.

Marian C. Rice
Meredith D. Belkin
*Attorneys for Third-Party Defendant,*
*Peter I. Bernstein*
3 Huntington Quadrangle, Suite 102S
Melville, New York 11747
(516) 294-8844

13

**<u>AFFIDAVIT OF SERVICE</u>**

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF SUFFOLK     )

      MEHMOOD KHILJI, being duly sworn, deposes and says, that I am not a party to the action, I am over 18 years of age and reside in Nassau County, New York.

      That on the 17th day of February, 2023, I served the within **MEMORANDUM OF LAW IN SUPPORT OF MOTION** upon:

TELLURIC LABS LLC
*Defendant/Counterclaim Plaintiff Pro Se*
c/o Michael Ivanciu, Esq.
Law Offices of Michael Ivanciu
213 NJ-35
Red Bank, NJ 07701

Telluric Labs, LLC
157 Broad Street, Unit 201
Red Bank, NJ 07701

the respective party(ies) in this action, at the above address(es) designated by said party(ies) for that purpose by depositing same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

                                MEHMOOD KHILJI

Sworn to before me this
17th day of February, 2023.

Notary Public

KAREN SCHLECHT
Notary Public, State of New York
No. 01SC6178707
Qualified in Nassau County
Commission Expires December 10, 20___

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK     )
                             ) ss.:
COUNTY OF SUFFOLK     )

       KAREN SCHLECHT, being duly sworn, deposes and says, that I am not a party to the action, I am over 18 years of age and reside in Nassau County, New York.

       That on the 17th day of February, 2023, I served the within **MEMORANDUM OF LAW IN SUPPORT OF MOTION** upon:

TELLURIC LABS LLC
*Defendant/Counterclaim Plaintiff Pro Se*
c/o Michael Ivanciu, Esq.     -     E-mail address: michael@ivanciulawfirm.com
Law Offices of Michael Ivanciu
213 NJ-35
Red Bank, NJ 07701

Telluric Labs, LLC     -     E-mail address: radu@telluriclabs.com
157 Broad Street, Unit 201
Red Bank, NJ 07701

By ELECTRONIC MAIL to the e-mail address(es) indicated above.

_____
KAREN SCHLECHT

Sworn to before me this
17th day of February, 2023.

_____
Notary Public

ILENE D. SAMUEL
Notary Public, State of New York
No. 02SA4814149
Qualified in Nassau County
Commission Expires July 31, 2026