UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

THE RESEARCH FOUNDATION FOR THE STATE UNIVERSITY OF NEW YORK,

       Plaintiff/Counterclaim-Defendant,

    -against-

TELLURIC LABS, LLC,

       Defendant/Counterclaim-Plaintiff,

    -against-

STATE UNIVERSITY OF NEW YORK AT STONY BROOK, PETER I. BERNSTEIN, MICHAEL FERDMAN, PETER MILDER, FARID SAMANDI, TIANCHU JI and SHENGSUN CHO,

       Third-Party Defendants.

-----------------------------------------------------------x

**REPORT AND RECOMMENDATION**

21-CV-1898 (JS)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court in this diversity-breach of contract action, on referral from the Honorable Joanna Seybert for Report and Recommendation, is Codrut Radu Radulescu's (the "Proposed Intervenor" or "Radulescu") motion to intervene pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 24(a) or, in the alternative, to dismiss pursuant to Fed. R. Civ. P. 19(b). *See* Motion to Intervene, Docket Entry ("DE") [153] ("Radulescu's Motion" or "Mot. to Intervene"). Plaintiff/Counterclaim-Defendant the Research Foundation of the State University of New York ("Plaintiff" or the "Foundation") and Third-Party Defendants State

University of New York at Stony Brook ("SBU"), Peter Bernstein, Michael Ferdman, Peter Milder, Faird Samandi, Tianchu Ji, and Shengsun Cho oppose. *See* Letter to Judge Seybert regarding Motion to Intervene ("Bernstein Opp."), DE [157]; Research Foundation's Opposition to Motion to Intervene ("Pl. Opp."), DE [158];[1] SBU's Opposition to Motion to Intervene ("SBU Opp."), DE [159].

By way of Complaint dated April 8, 2021, the Foundation commenced this action against Defendant/Counterclaim-Plaintiff Telluric Labs LLC's ("Defendant" or "Telluric") for: (i) breach of contract; (ii) unjust enrichment; (iii) account stated; (iv) promissory estoppel; (v) quantum meruit; and (vi) breach of the implied covenant of good faith and fair dealing. *See generally* Complaint ("Compl."), DE [1]. Defendant denied the material allegations, and filed third-party claims against SBU, Bernstein, Ferdman, Milder, Samandi, Ji, and Cho (together, "Third-Party Defendants"), *see* Answer with Counterclaims and Third-Party Complaint ("Ans."), DE [6], later modified by an Amended Answer with Counterclaim and Third-Party Complaint. *See* First Amended Answer with Counterclaims and First Amended Third-Party Complaint ("Am. Ans."), DE [9].

Radulescu seeks to intervene as a plaintiff in this action under Rule 24, or in the alternative, to dismiss the Complaint for failure to name him as a party pursuant to Rule 19. *See* Mot. to Intervene at 1-3. As set forth below, Radulescu should not be permitted to intervene because: (1) he failed to submit a complaint in intervention or otherwise indicate the claims or defenses he intends to assert, (2) Rule 24 may not

---

[1] Ferdman, Milder, Samandi, Ji, and Cho join in Plaintiff's opposition to the Motion to Intervene. *See* Pl. Opp. at 1.

be used to circumvent the requirement that a corporation be represented by counsel, and (3) the motion is untimely.  Further, Radulescu's Rule 19 motion fails because he is not a necessary party, given that complete relief can be afforded in his absence and his interest will not be impaired by these proceedings.  For each of these reasons, the Court respectfully recommends that Radulescu's Motion be denied.

## I.    BACKGROUND

Unless otherwise indicated, the facts set forth herein are taken from the Complaint and Radulescu's Motion and are accepted as true for purposes of this Report and Recommendation.

### A.  Factual Background

Plaintiff is a private domestic non-profit education corporation, with a principal place of business at 35 State Street, Albany, New York 12207, and an office at W5510 Melville Library, Stony Brook University, Stony Brook, New York 11794. *See* Compl. ¶ 8.  The Foundation's primary responsibility is to administer grants and sponsored programs on behalf of the State University of New York ("SUNY").  *Id.* at ¶ 9.  Since Plaintiff's 1951 establishment, it has "facilitated research, education and public service at 30 state-operated SUNY campuses for research and other staff across the state, including [SBU]."  *Id.*  The Foundation owns the intellectual property rights to technology developed by individuals in their capacities as SUNY employees. *Id.* at ¶ 10.  Telluric is a New Jersey limited liability company, with a principal place of business at 788 Shrewsbury Avenue, Tinton Falls, New Jersey 07724.  *Id.* at ¶ 11. Michael Ivanciu ("Ivanciu") and Radulescu currently serve as Telluric's President and

Vice President, respectively, and are both attorneys admitted to practice in New York. *See* DEs [6], [10].

At some point prior to April 2019, Defendant received a grant from the United States Department of Energy in the amount of $1,154,995.00 to conduct the research project entitled "IP Access Gateway" (the "Project"). *See* Compl. ¶¶ 14-15. Telluric engaged three SBU faculty members to utilize their expertise in their respective fields and subcontract certain portions of research and development for the Project. *Id.* at ¶ 16.

On or about September 4, 2018, Plaintiff and Defendant entered into a Subcontract Agreement (the "Rijssenbeek Agreement"), which Ivanciu signed on Telluric's behalf as its President. *Id.* at ¶¶ 37-38; *see also* DE [22-2] (fully executed Rijssenbeek Agreement) at 10, 13. The Foundation, through SUNY faculty member Dr. Michael Rijssenbeek, attempted to carry out its obligations under the Rijssenbeek Agreement, despite never receiving delivery of certain hardware that Defendant was required to provide. *See* Compl. ¶¶ 39-41. In the fall of 2020, the Rijssenbeek Agreement was terminated, and all of the equipment that Telluric provided to Dr. Rijssenbeek's lab was returned to Defendant. *Id.* at ¶ 42. Upon termination of the Rijssenbeek Agreement, Telluric was required to reimburse the Plaintiff for any non-cancellable financial obligations incurred pursuant to its performance, which the Foundation contends amount to $99,925.47. *Id.* at ¶¶ 45-46. Defendant has allegedly only paid $75,283.67 and has not communicated with the Foundation regarding the outstanding balance – $24,641.80. *Id.* at ¶¶ 45-48.

4

On or about April 8, 2019, and as modified on November 8, 2019, the parties entered into an Evaluative Testing Agreement (the "Ferdman Agreement"), which Ivanciu negotiated and signed on Telluric's behalf. *Id.* at ¶ 17; *see also* DE [21-1] (fully executed Ferdman Agreement) at 5, 8. Under the Ferdman Agreement, Defendant agreed to pay the Foundation $168,164.00 for "project expenses and other related costs." Compl. ¶ 20. The parties further agreed that an "interest penalty of 1.5% per month" would be added to the total invoice amount if payment was not received within 45 days. *See id.* The Foundation contends that Radulescu interfered with Plaintiff's work, causing the project to take significantly more time than originally anticipated and the Foundation to pay additional salary, benefits and tuition costs for the extra work. *Id.* at ¶¶ 26-28. As a result, the Ferdman Agreement was terminated and Telluric became liable for the resulting costs the Plaintiff incurred. The Foundation alleges that Defendant has only paid Plaintiff $59,184.66, but still owes $112,109.34 pursuant to the Ferdman Agreement, not including interest, which continues to accrue, and that Telluric has failed to respond to the Foundation's invoices. *See id.* at ¶ 34.

On or about April 29, 2019, the parties executed a Subaward Agreement (the "Suchalkin Agreement"), which was signed by both Invanciu and Radulescu. *Id.* at ¶¶ 49-50; *see also* DE [21-2] (fully executed Suchalkin Agreement) at 11. Telluric agreed to pay the Foundation $24,877 "for the work performed in accordance with the terms" of the Suchalkin Agreement. Compl. ¶ 53. The parties further agreed that an "interest penalty of 1.5% per month" would be added to the total invoice amount if

payment were not received within 45 days.  *See id.*  While the Foundation completed all performance objective targets set forth under the Suchalkin Agreement, Telluric paid approximately two-thirds of its financial obligations and, until December 2020, did not communicate regarding payment of an outstanding $8,292.33.  *See id.* at ¶¶ 54-57.  The parties engaged in settlement discussions but were unable to reach an agreement.  *See id.* at ¶¶ 58-62.

## B. <u>Procedural History</u>

Based on the above, the Foundation commenced this action against Telluric on April 8, 2021.  *See* Compl.  The Complaint alleges that Defendant failed "to remit payment for research and development work in breach of [the] three executed research agreements between the parties."  *Id.* at 1.  Through the Complaint, Plaintiff seeks:  (a) compensatory damages in the amount outstanding on each breach of contract – $112,109.34 on the Ferdman Agreement, $24,641.80 on the Rijssenbeek Agreement, and $8,292.33 on the Suchalkin Agreement – for a total of $145,043.47; (b) compensatory damages of $145,043.47, plus interest, on each of its other five claims; as well as (c) an award of attorneys' fees and costs.  *See id.* at 21-22.  On June 11, 2021, Defendant filed:  (i) its Answer; (ii) a Third-Party Complaint against the Third-Party Defendants; and (iii) a Counterclaim against the Foundation.  *See* Ans.  On July 9, 2021, Telluric filed its Amended Answer and Third-Party Complaint.[2]  *See* Am. Ans.

---

[2] Telluric asserts sixteen causes of action in its Amended Third-Party Complaint, consisting of:  (i) three breach of contract claims; (ii) two causes of action for "anticipatory breach of contract"; and (iii) one claim each for: fraud, conversion, promissory estoppel, fraud in the inducement, unjust enrichment, breach of fiduciary duty, "tortious idea misrepresentation," "coercion/intentional tortious

On August 27, 2021, Plaintiff moved to disqualify Invanciu and Radulescu as counsel for Telluric. *See* DE [20]. This Court granted the Foundation's motion on November 17, 2021 and stayed this litigation for 30 days to allow Defendant to obtain new counsel. *See* DE [57]. David Postolski ("Postolski") of Gearhart Law LLC filed a notice of appearance on behalf of Telluric on January 11, 2022. *See* DE [63]. Shortly after Judge Seybert set a briefing schedule on Plaintiff's and Third Party Defendants' motions to dismiss Defendant's Third-Party Complaint and Counterclaim, Postolski moved to withdraw. *See* DE [96]. Judge Seybert ordered that the briefing schedule on the motions to dismiss be held in abeyance pending the outcome of Postolski's motion. *See* Electronic Order dated Sep. 7, 2022. On October 6, 2022, this Court granted Postolski's motion and stayed this action so that Telluric could again obtain new counsel. *See* DE [110].

Following a conference with this Court on January 12, 2023, the Court ordered Defendant to produce its discovery responses and documents, set a briefing schedule on the Foundation's motion to compel, and cautioned that Telluric's failure to obtain counsel may result in default on this motion and any subsequent motion practice. *See* DE [116]. On January 17, 2023, Judge Seybert reinstated the briefing schedule for Plaintiff's and Third-Party Defendants' motions to dismiss. *See* Electronic Order dated Jan. 17, 2023. On February 27, 2023, after the motions to dismiss were filed, Invanciu attempted to seek a further stay of this litigation via letter. *See* DE [135]. Judge Seybert denied this application, noting that Invanciu was disqualified from

---

disclosure of IP," "intentional interference with a contractual relationship," and Violation of the Defendant Trade Secrets Act. *See* Am. Ans. ¶¶ 155- 392.

representing Telluric and that Defendant's failure to obtain counsel "will not prevent
this case from moving forward."  Electronic Order dated Mar. 1, 2023; *see* Electronic
Order dated Mar. 8, 2023 (reiterating warning to Telluric that failure to respond to
the motions to dismiss through retained counsel "may result in the Court deeming
the motions unopposed and/or result in a default on those motions").[3]  To date,
Defendant has not responded to the motions to dismiss or obtained counsel.

Radulescu thereafter filed the present motion on April 6, 2023, which Judge
Seybert referred to this Court for Report and Recommendation.  *See* Mot. to
Intervene; Electronic Order dated Apr. 11, 2023; Electronic Order dated Sep. 6, 2023.
He seeks mandatory intervention pursuant to Rule 24(a), or in the alternative,
dismissal of this action for failure to join an indispensable party under Rule 19.  *See
generally* Mot. to Intervene.  The Proposed Intervenor alleges that he "has a perfected
lien on the tangible and intangible property of [Telluric], including the choses of
action, invention and Trade Secrets violated by Plaintiff and Third-Party
Defendants."  *Id.* at 2.  He further alleges that Defendant "owes significant debt to
Mr. Radulescu" and that he "is the owner of trade secrets, inventions, and other IP,
some [of] which were disclosed by Plaintiff and Third[-]Party Defendants without
permission."  Declaration in Support of Motion to Intervene ("Radulescu Decl."), DE
[154-1], at ¶¶ 10, 12.  After briefing on the Motion to Intervene concluded, on June 9,
2023, Radulescu wrote to the Court, stating that Telluric had assigned all of its claims

---

[3] Defendant sought a further stay of these proceedings on March 23, 2023, via a letter to Judge
Seybert from Michael Miller of Steptoe & Johnson LLP.  *See* DE [141].  Given, however, that Miller
stated that his firm was not representing Telluric, Judge Seybert declined to consider this application.
*See* Electronic Order dated Mar. 24, 2023.

to Radulescu. *See* DE [178]. Although the letter purports that an assignment was duly executed and attached to the letter, no such attachment was received by the Court. *See id.* For the reasons set forth below, the Court respectfully recommends that Radulescu's Motion be denied.

## II.    LEGAL STANDARDS

### A. <u>Invention Pursuant to Rule 24</u>

#### 1. <u>Rule 24(c) Pleading Requirement</u>

Where a party seeks to intervene pursuant to Rule 24, the motion "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). Failure to do so provides sufficient grounds to deny a motion to intervene. *See G-I Holdings, Inc. v. Baron & Budd,* No. 01-CIV-0216, 2002 WL 1822929, at *1 (S.D.N.Y. Aug. 7, 2002) (citing *Abramson v. Pennwood Inv. Corp.,* 392 F.2d 759, 761-62 (2d Cir. 1968)). Courts, however, will overlook this deficiency where the proposed intervenor's claims or defenses are "apparent from other filings." *N. Shore-Long Island Jewish Health Sys., Inc. v. MultiPlan, Inc.*, No. CV 12-1633, 2015 WL 777248, at *17 (E.D.N.Y. Feb. 13, 2015); *Tachiona ex rel. Tachiona v. Mugabe*, 186 F. Supp. 2d 383, 393 (S.D.N.Y. 2002) (noting Rule 24(c) permits a degree of flexibility from the technical requirements).

#### 2. <u>Mandatory Intervention</u>

Federal Rule of Civil Procedure 24(a)(2), governing intervention as of right, provides in relevant part:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).  To intervene as of right, an applicant must "(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *New York News, Inc. v. Kheel*, 972 F.2d 482, 485 (2d Cir.1992).  "Failure to satisfy any one of these requirements is a sufficient ground to deny the application." *In re Pandora Media, Inc.*, No. 12-CV-8035, 2013 WL 6569872, at *5 (S.D.N.Y. Dec. 13, 2013) (internal quotation marks and citation omitted; emphasis in original).

The test is "flexible," and courts "generally look at all the factors together rather than focus narrowly on a single one." *Basciani Foods, Inc. v. Mid Island Wholesale Fruit & Produce, Inc.*, No. 09-CV-4585, 2011 WL 17524, at *3 (E.D.N.Y. 2011).  With respect to the timeliness factor, courts should consider:  (1) the length of delay in seeking intervention, (2) whether existing parties are prejudiced by the delay, (3) whether the movant will be prejudiced if the motion is denied, and (4) unusual circumstances weighing for or against a finding of timeliness.  *See Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 182 (2d Cir. 2001).  "Among the most important factors in a timeliness decision is 'the length of time the applicant knew or should have known of his interest before making the motion.'" *Catanzano by Catanzano v. Wing*, 103 F.3d 223, 232 (2d Cir. 1996) (quoting *Farmland Dairies v.*

*Commissioner*, 847 F.2d 1038, 1044 (2d Cir. 1988)).  Where a proposed intervenor fails to satisfy the threshold requirement of timeliness, the Court need not consider the remaining criteria of Rule 24(a).  *Kamdem-Ouaffo v. Pepsico, Inc.*, 314 F.R.D. 130, 136 (S.D.N.Y. 2016).

"In reviewing a motion to intervene, the Court accepts the motion's non-conclusory allegations as true."  *Friends of the E. Hampton Airport, Inc.*, 2016 WL 792411, at *4 (citing *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas*, 262 F.R.D. 348, 352 (S.D.N.Y. 2009)).  District courts have considerable discretion in deciding motions to intervene under Rule 24(a)(2).  *Basciani*, 2011 WL 17524, at *3.[4]

## B. <u>Dismissal for Failure to Join an Indispensable Party Pursuant to Rule 19</u>

An action must be dismissed for failure to join a party under Fed. R. Civ. P. 19 if that party is deemed to be a necessary or indispensable party to the action.  *See* Fed. R. Civ. P. 12(b)(7); *Federal Ins. Co. v. SafeNet, Inc.*, 758 F. Supp. 2d 251, 257 (S.D.N.Y. 2010).  "Fed. R. Civ. P. 19 sets forth a two[-]step inquiry for determining whether an action must be dismissed for failure to join an indispensable party."  *Associated Dry Goods Corp. v. Towers Fin. Corp.*, 920 F.2d 1121, 1123 (2d Cir. 1990); *see Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 724 (2d Cir. 2000).  The

---

[4] Although not sought in Radulescu's Motion, permissive intervention is governed by Fed. R. Civ. P 24(b), which provides in relevant part: "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  The Court's permissive intervention analysis is informed by the same four factors considered in connection with motions for intervention as of right.  *Certified Multi-Media Solutions, Ltd. v. Preferred Contractors Ins. Co. Risk Retention Group LLC*, No. 14-CV-5227, 2015 WL 5676786, at *6 (E.D.N.Y. Sep. 24, 2015).  "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).

first prong—Rule 19(a)—provides the elements used by federal courts to determine whether joinder is feasible, and reads in relevant part:

> (a) **Persons Required to Be Joined if Feasible.**
>
> (1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
>
> \*   \*   \*
>
> (b) **When Joinder Is Not Feasible**. If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed.

Fed. R. Civ. P. 19; *see also Associated Dry Goods Corp.*, 920 F.2d at 1123 (detailing same). If Rule 19(a)'s elements are not satisfied, joinder is not required, and the Court need not analyze whether a party is indispensable under Rule 19(b). *See Associated Dry Goods*, 920 F.2d at 1123; *see also Liberty Mutual Insurance Co. v. Sterling Insurance Co.*, No. 19-cv-3374, 2020 WL 6699872, at \*2 (E.D.N.Y. Nov. 12, 2020). In determining whether a party is indispensable, the Court should consider:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).  If the Court determines that a party is indispensable, then the Court must dismiss the action.  *See Viacom Int'l, Inc.,* 212 F.3d at 725.

## III.  DISCUSSION

### A. <u>Radulescu's Motion to Intervene</u>

Radulescu seeks intervention as of right pursuant to Fed. R. Civ. P. 24(a) based on a  perfected lien in the tangible and intangible property of Telluric, including the causes of action in this litigation, certain intellectual property, and trade secrets.  *See* Mot. to Intervene at 2.  Radulescu's Motion should be denied because:  (1) Radulescu failed to submit a proposed complaint in intervention, (2) he may not be permitted to use intervention to circumvent the requirement that a corporation appear via counsel, and (3) Radulescu's intervention is untimely.

#### 1. <u>Radulescu Failed to Submit a Proposed Complaint in Intervention as Required by Rule 24(c)</u>

At the outset, the Court notes that Radulescu failed to submit a proposed complaint in intervention setting out the claims or defenses for which intervention is sought, as required under Rule 24(c).  While courts may overlook this procedural requirement where a proposed  intervenor's position is otherwise apparent, none of the papers filed by Radulescu specify the claims he seeks to bring or the parties against whom he seeks to bring them.  *See Cross Sound Cable Co., LLC v. Long Island Lighting Co.*, No. 21-CV-2771, 2022 WL 247996, at *6 (E.D.N.Y. Jan. 27, 2022) (noting failure to include complaint in intervention or otherwise specify claims is "sufficient to deny intervention"); *Kumaran v. ADM Inv. Servs., Inc.*, No. 1:20-CV-03873, 2021 WL 2333645, at *8 (S.D.N.Y. June 7, 2021), *reconsideration denied sub nom.*

*Kumaran v. Nat'l Futures Ass'n*, No. 1:20-CV-3668, 2023 WL 3160116 (S.D.N.Y. Apr. 28, 2023) (denying motion to intervene where court could not determine the claims the proposed intervenors intended to bring based on motion papers).  As discussed in greater detail below, the Court suspects that this deficiency is a direct consequence of Radulescu's motivations in bringing this motion, *i.e.*, to substitute himself for Telluric due to its failure to retain counsel.  Accordingly, the Court respectfully recommends that Radulescu's Motion be denied for failure to comply with Rule 24(c).

### 2. Radulescu May Not Use Rule 24 to Circumvent the Requirement that Defendant Appear via Counsel

Even were the Court to set aside its technical deficiencies, Radulescu's Motion fails on the merits.  Plaintiff and the Third-Party Defendants argue that Radulescu may not use intervention as a means to avoid the requirement that Telluric retain counsel in this action.  *See* Pl. Opp. at 1-4; SBU Opp. at 3-5.  The Court agrees.

Courts in this circuit have held that intervention may not be used to circumvent the "longstanding rule that a corporation may appear in federal court only through its lawyer." *Jacobs v. Pat. Enf't Fund, Inc.*, 230 F.3d 565, 569 (2d Cir. 2000) (reversing district court's order permitting president and shareholder of corporation to intervene where corporation lacked counsel).  Where the proposed intervenor is closely involved in the corporation's affairs as an officer or principle, the connection between them is "so intimate that [] intervention . . . is in effect an effort to enable [the corporation] to appear without counsel." *Id.; see Waterkeeper All. Inc. v. Spirit of Utah Wilderness, Inc.*, No. 10-CV-1136, 2018 WL 11195445, at *2 (S.D.N.Y. Sep. 14, 2018) (quoting *Jacobs*, 230 F.3d at 569); *see also M2 Tech., Inc. v. M2 Software,*

14

*Inc.*, 589 F. App'x 671, 675 (5th Cir. 2014) ("[A]llowing [the proposed intervenor] to intervene on this basis would effectively nullify the well-established rule that in federal court, corporations must be represented by counsel.").  Courts in various jurisdictions have denied motions to intervene by corporate shareholders and officers under such circumstances.  *See e.g., Motionless Keyboard Co. v. Microsoft Corp.*, 184 F. App'x 967, 969 (Fed. Cir. 2006) (affirming denial of motion to intervene); *Luma v. Dib Funding, Inc.,* No. CV ELH-20-2504, 2022 WL 181156, at *11 (D. Md. Jan. 19, 2022) (denying motion to intervene by officer and majority stockholder of defendant corporation); *HomeBingo Network, Inc. v. Cadillac Jack, Inc.*, No. CIV.A.05 0701 WS B, 2006 WL 3469515, at *3 (S.D. Ala. Nov. 29, 2006) (same).

Here, Radulescu is a shareholder, founding member and Vice President of Defendant, and a signatory to one of the agreements at issue in this action.  *See* Radulescu Declaration in Opposition to Plaintiff's Motion to Disqualify Counsel, DE [39-1] at ¶ 1; Radulescu's Reply in Further Support of his Motion to Intervene, DE [167], at 5; DE [21-2] (fully executed Suchalkin Agreement).  At the outset of the litigation, Radulescu served as Telluric's counsel, prior to being disqualified.  *See* DE [57].  Radulescu's relationship with Defendant is therefore sufficiently "intimate" such that his proposed intervention constitutes an attempt to enable Telluric to appear without counsel.  *See Jacobs,* 203 F.3d at 569; *Waterkeeper Alliance, Inc.*, 2018 WL 11195445, at * 2 (noting that corporate principle is not a valid intervenor).

Moreover, the Court emphasizes the context in which Radulescu's Motion was filed.  On January 12, 2023, the stay of this action was lifted following Telluric's

15

failure to obtain qualified counsel.  *See* DE [116].  Subsequently, representatives of Defendant attempted on two occasions to extend the stay such that new counsel could be obtained.  *See* DEs [135], [141].  Both applications were rejected, and shortly thereafter, Radulescu's Motion was filed.  *See* Electronic Order dated Mar. 1, 2023; Electronic Order dated Mar. 24, 2023; Mot. to Intervene (filed April 6, 2023). Radulescu himself acknowledged that his intervention was motivated by Telluric's most recent failures to obtain replacement corporate counsel.  *See* Memorandum of Law in Support of Motion to Intervene ("Radulescu Mem."), DE [154], at 7 (noting that he waited to file the motion until after forty law firms declined to represent Defendant).  Although Radulescu purports to have received an assignment from Telluric of "all its claims," *see* DE [178], the timing of such assignment is suspect in the present context.  *See Luma*, 2022 WL 181156, at *24 (noting that given the circumstances, proposed intervenor's lien should be construed as an attempt to avoid the corporation's obligation to obtain counsel).  Under these circumstances, the Court recognizes Radulescu's Motion as an attempted end-run around the requirement that Defendant obtain counsel, and therefore recommends that it be denied on this basis as well.

### 3.  Radulescu's Rule 24(a) Motion Fails as Untimely

Moreover, Radulescu's Motion is untimely and therefore fails to meet the requirements of mandatory intervention under Rule 24(a).  As noted above, to evaluate the timeliness of a motion to intervene, courts examine:  (1) the length of delay in seeking intervention, (2) whether existing parties are prejudiced by the

delay, (3) whether the movant will be prejudiced if the motion is denied, and (4) unusual circumstances weighing for or against a finding of timeliness. *See Butler, Fitzgerald & Potter*, 250 F.3d at 182. When considered together, these factors establish that Radulescu's intervention would be untimely.

### a. *Length of Delay*

The length of Radulescu's delay weighs against intervention. The present motion was filed just over two years after the inception of this litigation. As former counsel and Vice President of Defendant, Radulescu was aware of his purported interest in this action as soon as the Complaint was served. Nevertheless, Radulescu's Motion was filed 21 months after Telluric filed its Amended Answer and Counterclaims, at which point Defendant could have named Radulescu as a defendant/counterclaim-plaintiff. *See* Am. Ans; Mot. to Intervene. Moreover, the deadline to add new parties has past, *see* DE [65], and motions to dismiss Defendant's claims have already been filed. *See* DEs [124], [126], [128]. Further, Radulescu fails to explain his delay, apart from asserting that his interests in this litigation were protected while Defendant had counsel. *See* Radulescu Mem. at 7. Taking these circumstances in total, the length of Radulescu's delay weighs in favor of finding the motion to be untimely. *See Rudolph v. Hudsons Bay Co.*, 18-cv-8472, 2019 WL 1416986, at *3 (S.D.N.Y. Mar. 29, 2019) (denying motion to intervene as untimely where intervenors waited nine months after the action was filed and after motions to dismiss were submitted).

17

### b. *Prejudice to the Existing Parties*

The second factor – the risk of prejudice to the existing parties caused by the delay – weighs slightly in favor of intervention.  Plaintiff and the Third-Party Defendants argue that they would be prejudiced by Radulescu's intervention because it would further delay adjudication of this matter on the merits.  *See* Pl. Opp. at 7-8; SBU Opp. at 7-8.  Briefing on their respective motions to dismiss was previously delayed to resolve both the motion to disqualify Ivanciu and Radulescu and Defendant's subsequent counsel's motion to withdraw.  *See* Electronic Order dated Oct. 15, 2021; Electronic Order dated Sep. 7, 2022.  Delay alone, however, is insufficient to establish prejudice, *see Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 98 (2d Cir. 1993), and Plaintiff and the Third-Party Defendants have failed to articulate any specific prejudice they will suffer as a result.

### c. *Prejudice to the Movant if Intervention is Denied*

On the other hand, the third factor – potential prejudice to the party seeking intervention – again weighs against Radulescu's intervention.  Radulescu fails to articulate how he will be prejudiced if he is not permitted to intervene at this time, apart from reiterating his purported interest in Telluric's assets.  *See* Radulescu Mem. at 8-9.  The Court notes that any lien Radulescu holds over Defendant's property would survive adjudication the present action.  Moreover, any prejudice to Radulescu was caused by his own delay in seeking intervention.

### d. *Unusual Circumstances*

Lastly, the unusual circumstances of this litigation weigh against permitting Radulescu to intervene.  As discussed above, the timing and circumstances of

Radulescu's Motion indicate that it is an attempt to circumvent the requirement that Telluric obtain counsel. Three motions to dismiss Defendant's counterclaims are pending, and Telluric has been repeatedly warned of the potential consequences of its failure to retain qualified counsel to oppose those motions. *See* DE [116]; Electronic Order dated Mar. 1, 2023; Electronic Order dated Mar. 8, 2023. The circumstances under which Radulescu's Motion was filed – taken with the factors discussed above – therefore weigh in favor of a conclusion that it is untimely. Given this determination, the Court need not consider the remaining requirements of Rule 24(a), *see Kamdem-Ouaffo*, 314 F.R.D. at 136, and therefore recommends that Radulescu's Motion be denied on this additional basis.[5]

### B. <u>Radulescu's Motion to Dismiss Pursuant to Rule 19</u>

In the alternative, Radulescu argues that the Complaint should be dismissed for failure to name him as an indispensable party pursuant to Fed. R. Civ. P. 19. *See* Mot. to Intervene at 3. The Court concludes that Radulescu is not a necessary party under either prong of Rule 19(a), and therefore respectfully recommends that this portion of Radulescu's Motion be denied as well.

#### 1. <u>Complete Relief Can be Afforded in Radulescu's Absence</u>

As noted above, on a motion to dismiss pursuant to Rule 19, the Court must first determine if Radulescu is a necessary party "required" to be joined if feasible. *See Associated Dry Goods Corp.*, 920 F.2d at 1123. Rule 19(a) sets forth two

---

[5] Although Radulescu does not seek permissive intervention under Rule 24(b), for the sake of completeness, and for the same reasons stated above, the Court recommends that Radulescu be denied permissive intervention as well. *See Certified Multi-Media Solutions, Ltd*., 2015 WL 5676786, at *6 (noting that the same factors are analyzed under both mandatory and permissive intervention).

circumstances in which a party could be deemed "necessary." *See id.*  Under Rule 19(a)(1)(A), a party is required to be joined if the Court cannot afford complete relief in that party's absence. *See id.*  Here, Radulescu has failed to explain why complete relief on either Plaintiff's claims against Telluric or Defendant's claims against the Foundation and the Third-Party Defendants could not be rendered in his absence. Radulescu's lien has no bearing on Plaintiff's breach of contract claims against Telluric, nor Defendant's various counterclaims.  As such, Radulescu is not a necessary party under this prong of Rule 19(a).  *See Alpha Founders Holding, LLC v. Magellan Health, Inc.,* No. 17-CV-6225, 2018 WL 1247405, at *8 (E.D.N.Y. Mar. 9, 2018) (concluding party was not a necessary party where complete relief could be afforded among existing parties).

### 2.  Radulescu's Interests will not be Impeded in his Absence

Under Rule 19(a)(1)(B), an absent party is also required to be joined if it claims an interest relating to the subject matter of the action and is so situated that its absence may impede its ability to protect its interest or subject the existing parties to multiple or inconsistent liabilities.  *See Associated Dry Goods Corp.*, 920 F.2d at 1123.  Radulescu asserts an interest in the subject matter of this action via "a perfected lien on the tangible and intangible property of [Telluric]."  Mot. to Intervene at 2.  He further alleges that he is "the owner of trade secrets . . . some of which were disclosed by Plaintiff and Third[-]Party Defendants without permission."  Radulescu Decl. at ¶ 12.

Even assuming Radulescu's purported lien or ownership of trade secrets constitute an interest in this action, he has not established that his interest would be impeded in his absence. Radulescu's sole argument that his interests are not represented in this litigation is that Telluric presently lacks counsel. *See* Radulescu Mem. at 10-12. In so arguing, Radulescu concedes that his interests in this action are identical to those of Defendant and would be protected but for Telluric's inability to obtain a lawyer. In any event, a disposition in this action would not impact Radulescu's purported lien. Even if Telluric's claims are dismissed, Radulescu's lien against its assets would survive. Moreover, there is no evidence to suggest that in Radulescu's absence the existing parties would be subject to multiple or inconsistent liabilities. As such, Radulescu is not a necessary party under either prong of Rule 19(a), and the Court need not analyze whether he is an indispensable party under Rule 19(b). *See Liberty Mutual Insurance Co.,* 2020 WL 6699872, at *2. Accordingly, the Court respectfully recommends that the portion of Radulescu's Motion seeking dismissal of this action for failure to join an indispensable party be denied.

## II.    CONCLUSION

For the reasons set forth above, the Court respectfully recommends that Radulescu's Motion be denied in its entirety.

## III.    OBJECTIONS

A copy of this Report and Recommendation is being served on all parties by electronic filing on the date below. Plaintiff is directed to serve a copy of it on Radulescu and Defendant and file proof of service on ECF. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days

of receipt of this report.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a); *Ferrer v. Woliver*, No. 05-cv-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).


Dated:    Central Islip, New York
            September 18, 2023

/s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge