FILED
CLERK
9/28/2023 10:48 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
THE RESEARCH FOUNDATION FOR THE
STATE UNIVERSITY OF NEW YORK,

    Plaintiff/Counterclaim-Defendant,        MEMORANDUM & ORDER
                                             21-CV-1898 (JS)(SIL)
        -against-

TELLURIC LABS, LLC,

    Defendant/Counterclaim-Plaintiff,

        -against-

STATE UNIVERSITY OF NEW YORK AT
STONY BROOK, PETER I. BERNSTEIN,
MICHAEL FERDMAN, PETER MILDER,
FARID SAMANDI, TIANCHU JI and
SHENGSUN CHO,

           Third-Party Defendants,

----------------------------------X
APPEARANCES

For Plaintiff and
Third-Party
Defendants Michael
Ferdman, Peter
Milder, Farid
Samandi, Tianch Ji,
Shengsun Cho:       Peter I. Bernstein, Esq.
                    Drew Berweger, Esq.
                    Seth M. Weinfeld, Esq.
                    Scully, Scott, Murphy & Presser P.C.
                    400 Garden City Plaza, Suite 300
                    Garden City, New York 11530

For Defendant:      No appearance.
```

```
For Third-Party
Defendant State
University of New
York at Stony
Brook:              Nicholas Mesiti, Esq.
                    Thomas Sica, Esq.
                    Heslin Rothenberg Farley & Mesiti, P.C.
                    5 Columbia Circle
                    Albany, New York 12203

                    Toni E. Logue, Esq.
                    NYS Attorney General's Office
                    200 Old Country Road, Suite 460
                    Mineola, New York 11501

For Third-Party
Defendant Peter L.
Bernstein:          Marian C. Rice, Esq.
                    Meredith Diane Belkin, Esq.
                    L'Abbate Balkan Colavita & Contini LLP
                    3 Huntington Quadrangle, Suite 102-S
                    Melville, New York 11747
```

SEYBERT, District Judge:

Although the procedural posture of this action is tortured, for purposes of this introduction, the Court succinctly summarizes it as follows. After counsel of record for Defendant/Counterclaim-Plaintiff Telluric Labs LLC ("Defendant" or "Telluric") was disqualified almost two years ago, Telluric has experienced substantial issues maintaining and obtaining competent representation. By way of example, approximately one year has passed since Telluric's most recent counsel of record was permitted to withdraw. Since that time, and despite numerous orders by this Court and Magistrate Judge Steven I. Locke requiring Telluric to

obtain counsel because, as a corporation, it cannot proceed pro se, Telluric remains unrepresented.

There has been protracted motion practice in this action -- which is predominantly a by-product of the gamesmanship employed by Telluric's disqualified attorneys -- and several items are pending at this juncture.  Notwithstanding, this Memorandum & Order solely addresses three motions to dismiss Telluric's Counterclaims and Third-Party Complaint.  Although the dismissal motions raise various merits-based arguments, one common denominator echoes throughout the movants' submissions: that Telluric's Counterclaims and Third-Party Complaint should be involuntarily dismissed for failure to prosecute and for failure to comply with orders of the Court.  For the reasons that follow, the dismissal motions are GRANTED.

BACKGROUND

By Memorandum and Order dated November 17, 2021, Judge Locke granted the motion by Plaintiff/Counterclaim-Defendant the Research Foundation of the State University of New York ("Plaintiff" or the "Foundation") to disqualify attorneys Michael Ivanciu ("Ivanciu") and Codrut Radu Radulescu ("Radulescu") from serving as counsel to Telluric (the "Disqualification Order"). (See Disqualification Order, ECF No. 57.)  The Court notes that Ivanciu and Radulescu are Telluric's President and Vice President, respectively.  On December 1, 2021, Telluric appealed the

3

Disqualification Order to this Court, and Judge Locke's ruling was affirmed on August 24, 2022. (Aug. 24, 2022 M&O, ECF No. 95.)

The Disqualification Order stayed this litigation for 30 days to afford Telluric an opportunity to obtain new counsel and scheduled a status conference on January 11, 2022. (Disqualification Order at 23.) On the day of this status conference, attorney David Postolski ("Postolski") filed a notice of appearance on behalf of Telluric. (Postolski NOA, ECF No. 63.) Postolski continued to represent Telluric throughout the pendency of the appeal of the Disqualification Order, during which time pre-motion conference requests regarding motions to dismiss Telluric's Counterclaims and Third-Party Complaint by the Foundation and Third-Party Defendants State University of New York at Stony Brook ("SBU"), Peter Bernstein ("Bernstein"), Michael Ferdman ("Ferdman"), Peter Milder ("Milder"), Faird Samandi ("Samandi"), Tianchu Ji ("Ji"), and Shengsun Cho ("Cho") also remained pending.

Simultaneously with its decision to affirm the Disqualification Order on August 24, 2022, the Court entered a briefing schedule regarding the anticipated motions to dismiss by Plaintiff and the Third-Party Defendants. (See Aug. 24, 2022 Elec. Order.) Then, shortly after the Disqualification Order was affirmed and this briefing schedule was set, on September 2, 2022, Postolski moved to withdraw as counsel for Telluric. (Postolski

4

Withdrawal Mot., ECF No. 96.)  On October 6, 2022, Judge Locke granted Postolski's motion and stayed this action until the parties' next appearance on January 12, 2023.  (Oct. 6, 2022 Min. Order, ECF No. 110.)  During this period, the Court held in abeyance briefing on the motions to dismiss.  (Sept. 7, 2022 Elec. Order; see also Jan. 10, 2023 Elec. Order ("To the extent Plaintiff and any Third-Party Defendants ask this Court to reinstate the briefing schedule for motions to dismiss, the Court is holding in abeyance its decision on such a request, pending the outcome of Judge Locke's upcoming conference on January 12, 2023.").)

At the January 12, 2023 conference, Judge Locke was advised Telluric failed to retain new counsel.  (See Jan. 12, 2023 Min. Order, ECF No. 116.)  Judge Locke warned Telluric that it "must have counsel and cannot represent itself," and that "[f]ailure to obtain new counsel may result in a default on the[] motions" to dismiss.  (Id.)  In addition, Judge Locke recommended to this Court that "motion practice is appropriate at this time and the parties should engage in motion [to dismiss] practice consistent with" the Court's Individual Rules.  (Id.)  On January 17, 2023, the Court agreed with Judge Locke and reinstated the briefing schedule for the motions to dismiss as follows:

> (1) On or before February 17, 2023, Plaintiff and the Third-Party Defendants shall file their respective motions to dismiss;

5

>  (2) On or before March 17, 2023, Defendant/Third-Party Plaintiff shall file a single, consolidated opposition brief to the motions to dismiss. The Court will expand its page-limitation for Defendant's opposition to thirty-five (35) pages; and
>
>  (3) On or before April 7, 2023, Plaintiff and the Third-Party Defendants shall file their replies, if any.
>
>  Once the motions are fully briefed, the parties shall provide courtesy copies of their motions to Chambers. As previously noted by Judge Locke in his January 12, 2023 Minute Order, Telluric must have counsel and cannot represent itself. Thus, any failure by Telluric to respond to these motions through retained counsel may result in the Court deeming the motions unopposed and/or result in a default on those motions. Plaintiff and the Third-Party Defendants are directed to serve a copy of this Electronic Order upon Telluric and to file proof of such service on ECF forthwith.

(See Jan. 17, 2023 Elec. Order.) Telluric was promptly served with copies of this order. (Certs. of Serv., ECF Nos. 119, 120.)

On February 3, 2023, at the request of the Foundation, the Clerk of Court entered a certificate of default against Telluric: "It appearing from the docket maintained in this action that defendant/counterclaim-plaintiff Telluric Labs, LLC has failed to appear or otherwise defend this action, the default of defendant/counterclaim-plaintiff Telluric Labs, LLC is hereby noted pursuant to Rule 55a of the Federal Rules of Civil Procedure." (Entry of Default, ECF No. 123.)

6

Three motions to dismiss were filed on February 17, 2023: (1) Bernstein's motion to dismiss (the "Bernstein MTD"); (2) the Foundation's motion to dismiss, which was joined by Ferdman, Milder, Samandi, Cho, and Ji (the "Foundation MTD"); and (3) SBU's motion to dismiss (the "SBU MTD").  (Bernstein MTD, ECF No. 124; Foundation MTD, ECF No. 126; SBU MTD, ECF No. 128.)  Among other arguments under Federal Rule of Civil Procedure ("Rule") 12(b)(6), the Foundation and Third-Party Defendants all seek dismissal of Telluric's claims pursuant to Rule 41, based upon Telluric's failure to obtain counsel and failure to comply with orders of the Court.  (See Bernstein MTD Support Memo, ECF No. 125, at 5-7; Foundation MTD Support Memo, ECF No. 127, at 24-25; SBU MTD Support Memo, ECF No. 128-1, at 20-22.)

On March 1, 2023, after receiving letters by Plaintiff and the Third-Party Defendants, the Court issued the following order:

> The Court is receipt of letters by Plaintiff and the Third-Party Defendants which appear to be opposition to correspondence dated February 27, 2023 from pro se Defendant/Third-Party Plaintiff Telluric that was written by Mr. Ivanciu, who has been disqualified as Telluric's counsel of record in this action. In this February 27, 2023 letter, which has not been filed to the docket nor provided to the Court, Telluric purportedly seeks a stay of the pending motions to dismiss (Mots. to Dismiss, ECF Nos. 124, 126, 128 ) to enable it to obtain litigation funding. (Bernstein Ltr., ECF No. 129 at 1-2; Research Foundation Ltr., ECF No. 130 at 3.) The Court declines to take

7

> action on Telluric's request for a stay which stems from a motion that is not properly presented nor pending on the docket.
>
> Notwithstanding, Telluric has been afforded significant and ample time to retain new counsel, but has failed to do so. (See Oct. 6, 2022 Min. Order, ECF No. 110.) This Court, as well as Judge Locke, have clearly warned Telluric that its failure to obtain new counsel will not prevent this case from moving forward any longer. (See Jan. 12, 2023 Min. Order, ECF No. 116; Jan. 17, 2023 Elec. Order.) Although Telluric's March 17, 2023 deadline to respond to the pending motions to dismiss has not yet expired, the Court reiterates its prior warning to Telluric: <u>Any failure by Telluric to respond to these motions to dismiss through retained counsel may result in the Court deeming the motions unopposed and/or result in a default on those motions.</u> Plaintiff and the Third-Party Defendants are directed to serve a copy of this Electronic Order upon Telluric and to file proof of such service on ECF forthwith.

(Mar. 1, 2023 Elec. Order (emphasis in original).) Telluric was promptly served with this order. (Certs. of Serv., ECF Nos. 131, 132, 133, 134.)

It was not until March 7, 2023 that the Court received the letter by Ivanciu referenced in the March 1, 2023 Electronic Order. (See Ivanciu Ltr., ECF No. 135.) The Court responded to Ivanciu's submission on March 8, 2023 as follows:

> The Court is in receipt of a letter dated February 27, 2023 by Mr. Ivanciu on behalf of Defendant/Third-Party Plaintiff Telluric. (ECF No. 135 .) Mr. Ivanciu's letter seeks a stay of this case to enable Telluric to obtain litigation funding to secure new counsel. (See id.) This request was rejected in the Court's

8

March 1, 2023 Electronic Order, which was issued prior to the Court's receipt of Mr. Ivanciu's letter. (See Mar. 1, 2023 Elec. Order.) Now having the benefit of Mr. Ivanciu's letter on the docket, the Court sua sponte reconsiders the March 1, 2023 Electronic Order.

As the parties are aware, Mr. Ivanciu and Mr. Radulescu were disqualified from representing Telluric in this action. (ECF Nos. 57 & 95 .) After Messrs. Ivanciu and Radulescu were disqualified, Mr. Postolski appeared on behalf of Telluric in January 2022. (ECF No. 63.) Mr. Postolski's representation of Telluric continued until October 6, 2022, at which time Judge Locke granted his motion to withdraw. (ECF No. 110.) Thereafter, despite having been afforded ample time to retain new counsel and warned of the consequences faced by corporations that proceed pro se, both this Court and Judge Locke have determined this case must move forward. (ECF No. 116; Jan. 17, 2023 Elec. Order; Mar. 1, 2023 Elec. Order.)

To date, it has been more than five months since Mr. Postolski was relieved as Telluric's counsel. Notwithstanding this significant period of time, Telluric remains pro se in violation of the Court's orders, and Mr. Ivanciu contends Telluric has been unable to retain new counsel despite its efforts. Although the Court may disregard a submission by a disqualified attorney, even if the Court were to consider Mr. Ivanciu's letter here, i.e., the fact that Telluric has "selected a law firm and an investor and signed the precontractual agreements necessary to start the engagement process . . . [which] may take between 30 and 60 days for due diligence and financial decisions," Telluric's request for another stay of this case would remain denied for the reasons stated in the prior orders issued by this Court and Judge Locke. As such, the Court adheres to its prior rulings in the March 1, 2023 Electronic Order.

9

> The Court notes that Telluric's March 17, 2023 deadline to respond to the pending motions to dismiss has not yet expired and the Court does not deem this order to preclude Telluric, through retained counsel, from demonstrating good cause for an extension of the existing briefing schedule.  The Court also reiterates its prior warning to Telluric: "Any failure by Telluric to respond to these motions to dismiss through retained counsel may result in the Court deeming the motions unopposed and/or result in a default on those motions." (Mar. 1, 2023 Elec. Order.)  Plaintiff and the Third-Party Defendants are directed to serve a copy of this Electronic Order upon Telluric and to file proof of such service on ECF forthwith.

(Mar. 8, 2023 Elec. Order. (emphasis in original).)  Telluric was served with copies of this order.  (Certs. of Serv., ECF Nos. 136, 137, 138.)

After the March 17, 2023 deadline for Telluric to file opposition to the dismissal motions expired and no such opposition was filed, on March 22, 2023, the movants asked the Court to deem the motions unopposed.  (See Letters, ECF Nos. 139, 140.)  The very next day, March 23, 2023, the Court received a letter from the law firm of Steptoe & Johnson LLP, despite no attorney from the firm filing a notice of appearance in this case:

> The Court is in receipt of a letter authored by the law firm of Steptoe & Johnson LLP that is written "on behalf of Telluric," yet, Steptoe is "not representing Telluric" in this case.  (ECF No. 141.)  Rather, Steptoe has been "approached" by Telluric to represent it as settlement counsel to negotiate an "out-of-court resolution." (Id.)  Steptoe's letter also renews Telluric's prior request for a

10

stay of this case to allow Telluric additional time to obtain litigation funding. (Id.; see ECF No. 135.)

In its March 8, 2023 Electronic Order denying Telluric's prior request for a stay, which was submitted by an attorney that has been disqualified from this case, the Court stated: "[T]he Court does not deem this order to preclude Telluric, through retained counsel, from demonstrating good cause for an extension of the existing [motion to dismiss] briefing schedule. . . . Any failure by Telluric to respond to these motions to dismiss through retained counsel may result in the Court deeming the motions unopposed and/or result in a default on those motions." (See Mar. 8, 2023 Elec. Order (emphasis in original).)

Despite the unambiguous language in the March 8, 2023 Order (as well as prior orders issued by the Court) reiterating to Telluric that it must appear in this Court through retained counsel and warning it of the consequences should it fail to do so, to date, Telluric remains pro se. Steptoe has not filed an appearance on behalf of Telluric and the firm's letter clearly indicates that it has not been retained by Telluric to represent its interests in this action; Steptoe has been merely "approached" for out-of-court settlement purposes only. Accordingly, the Court declines to consider the relief sought in Steptoe's letter because the letter was submitted by a firm that is not counsel of record for Telluric in this case and is contrary to the Court's March 8, 2023 Electronic Order.

Further, Telluric's March 17, 2023 deadline to respond to the pending motions to dismiss has passed and Telluric has not submitted any opposition to those motions through retained counsel. The Court notes that Plaintiff and other Third-Party Defendants filed letters on March 22, 2023 to note Telluric's default on the motions. (ECF Nos. 139 & 140.)

11

> Notwithstanding, the deadline for Plaintiff and the Third-Party Defendants to file their replies remains April 7, 2023. (See Jan. 17, 2023 Elec. Order.) Should Plaintiff and the Third-Party Defendants elect not to file any further replies by April 7, 2023, the Court asks they confirm their intentions to rest on the existing papers by that same date. Plaintiff and the Third-Party Defendants are directed to serve a copy of this Electronic Order upon Telluric and Steptoe, and to file proof of such service on ECF forthwith.

(See Mar. 24, 2023 Elec. Order (emphasis in original).) Once again, copies of this order were served on Telluric. (Certs. of Serv., ECF Nos. 145, 146, 147, 148.)

On April 5, 2023, the Foundation filed a brief reply in support of its motion (which is joined by Ferdman, Milder, Samandi, Ji and Cho), and the other movants indicated their intent to rest on the existing papers. (See Foundation MTD Reply, ECF No. 150; SBU MTD Reply, ECF No. 151; Bernstein MTD Reply, ECF No. 152.)

The day after the Foundation and Third-Party Defendants concluded briefing on their dismissal motions, April 6, 2023, Radulescu filed a motion to intervene in this case as of right under Rule 24(a) and for failure to name him as a party under Rule 19. (Radulescu Intervention Mot., ECF No. 153.) Radulescu's motion was vigorously opposed by the Foundation[1] and Third-Party Defendants. (Foundation Opp'n to Intervention Mot., ECF No. 158;

---

[1] The Foundation's opposition to Radulescu's intervention motion was joined by Ferdman, Milder, Samandi, Cho and Ji.

12

SBU Opp'n to Intervention Mot., ECF No. 159.)  The Court referred Radulescu's motion to Judge Locke for a Report and Recommendation ("R&R").  (See Apr. 11, 2023 Elec. Order, modified by Sept. 6, 2023 Elec. Order.)  In the R&R, Judge Locke recommended denying Radulescu's motion reasoning, inter alia: "(1) he failed to submit a complaint in intervention or otherwise indicate the claims or defenses he intends to assert, (2) Rule 24 may not be used to circumvent the requirement that a corporation be represented by counsel, . . . (3) the motion is untimely," and (4) he is not a necessary party.  (R&R, ECF No. 182, at 2-3.)  A copy of the R&R was served upon Radulescu and Telluric.  (Cert. of Serv., ECF No. 183.)  The deadline to object to the R&R has not yet expired, therefore, the R&R and Radulescu's motion remain sub judice.

In addition, on June 14, 2023, the Foundation moved for entry of a default judgment against Telluric.  (Mot. Def. J., ECF No. 175.)  Telluric did not respond to the default motion through retained counsel.  Rather, Radulescu "as the pro se intervenor" filed a letter motion to set aside the entry of default against Telluric.  (Mot. Set Aside, ECF No. 180.)  Both of these motions concerning Telluric's default remain sub judice as well.

## DISCUSSION

As set forth above, this Memorandum & Order resolves only the pending motions to dismiss pursuant to Rule 41(b) and Rule 12(b)(6) filed by the Foundation and Third-Party Defendants

13

against Telluric's Counterclaims and Third-Party Complaint. With the benefit of the procedural posture of this action in mind, the Court begins its analysis with whether involuntary dismissal of Telluric's claims is warranted.

Pursuant to Rule 41, the Court may, in its discretion, dismiss a case where a plaintiff fails to prosecute or comply with a court order. See FED. R. CIV. P. 41(b). Rule 41 applies with equal force "to a dismissal of any counterclaim, crossclaim, or third-party claim." See FED. R. CIV. P. 41(c). There are several factors to consider when determining whether involuntary dismissal is warranted under Rule 41:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014). "No single factor is generally dispositive." Id. Although the Second Circuit instructs that involuntary dismissal "is 'the harshest of sanctions' and is properly 'used only in extreme situations,'" Heendeniya v. St. Joseph's Hosp. Health Ctr., 830 F. App'x 354, 357 (2d Cir. 2020) (quoting Baptiste, 768 F.3d at 217), the

14

circumstances of this case clearly weigh in favor of dismissing Telluric's Counterclaims and Third-Party Complaint.

First, it is well-settled that "a corporation may not proceed in federal court pro se." Escon Constr. Grp. Plc v. Fastenal Co., 583 F. Supp. 3d 381, 387 (E.D.N.Y. 2022). Telluric has been without counsel in this action since Postolski was permitted to withdraw on October 6, 2022, which is now almost one year ago. Although "[t]here is no 'magic number' of months sufficient to satisfy the first prong," this lengthy passage of time certainly weighs in favor of dismissal. U.S. ex rel. Reliable Const. PM, Inc. v. Land Frog, Inc., No. 13-CV-7351, 2015 WL 740034, at *2 (E.D.N.Y. Feb. 20, 2015) (quoting Terry v. Inc. Vill. of Patchogue, No. 05-CV-3398, 2010 WL 1993871, at *3 (E.D.N.Y. May 18, 2010)); see also id. (finding Rule 41 dismissal warranted where "almost six months have passed since . . . plaintiff was ordered to obtain new counsel, and more than six months have passed since plaintiff's counsel filed his motion to withdraw").

Second, following Postolski's withdrawal, the docket reflects Telluric was warned at least five times to obtain counsel and the consequences should it fail to do so. (See, e.g., Jan. 12, 2023 Min. Order; Jan. 17, 2023 Elec. Order; Mar. 1, Elec. Order; Mar. 8, 2023 Elec. Order; Mar. 24, 2023 Elec. Order.) Despite these warnings, in which Telluric was told their failure to obtain counsel would result in the Court deeming it in default

15

on the Foundation and Third-Party Defendants' motions to dismiss and deeming the motions unopposed, Telluric has failed to comply with the Court's orders. See Thomas v. Cnty. of Suffolk, No. 08-CV-0400, 2010 WL 5452071, at *3 (E.D.N.Y. Dec. 28, 2010) (dismissing case for failure to prosecute where plaintiff "fail[ed] to follow five orders over the last four months"). The Court also notes the timing of various inappropriate filings by Ivanciu and Radulescu that attempted to further delay briefing on the instant motions to dismiss are indicative of Telluric's awareness of the consequences should those motions not be responded to.

Third, the Court presumes, as a matter of law, that the Foundation and Third-Party Defendants will be prejudiced by further delay. See Harris v. Scadiero, 94 F. App'x 860, 861 (2d Cir. 2004) ("A presumption of prejudice is appropriate where the plaintiff's delay was prolonged." (citing Shannon v. General Elec. Co., 186 F.3d 186, 195 (2d Cir. 1999))); see also Land Frog, 2015 WL 740034, at *3 ("[T]he Court may presume that defendants are prejudiced where a corporate plaintiff does not heed its 'duty of due diligence to move its case forward,' by failing to obtain counsel." (quoting Bay Chevrolet, Inc. v. General Motors Corp., Nos. 08-CV-0233, 08-CV-4631, 2011 WL 4628743, at *2 (E.D.N.Y. Aug. 11, 2011), report and recommendation adopted by, 2011 WL 4628743 (E.D.N.Y. Oct. 3, 2011))). Further, in light of Ivanciu's and

16

Radulescu's tactics as detailed above, in which they not only attempt to side-step the Disqualification Order but attempt to circumvent the requirement that Telluric be represented by counsel, "there is good reason to conclude that the delay will continue." Id.

Fourth, "the Court is justified in dismissing" Telluric's Counterclaims and Third-Party Complaint "promptly in order to prevent the waste of any further judicial resources." See Astudillo v. Island Wide Bldg. Servs. Inc., No. 17-CV-6835, 2021 WL 1193045, at *4 (E.D.N.Y. Mar. 29, 2021) (dismissing case for failure to prosecute, in part, because the "action appears destined to remain on the docket in perpetuity, consuming judicial resources"). The undersigned and Judge Locke have spent considerable time tending to this case, particularly issues stemming from Telluric's representation, and it is unfair to the Foundation and to the Third-Party Defendants to continue to defend Telluric's claims against them when Telluric is unable to prosecute them.

Last, the Court has carefully considered less drastic sanctions and has found them to be inadequate under the circumstances. See Copiel v. Pugliese, No. 19-CV-4231, 2021 WL 2792182, at *3 (E.D.N.Y. Apr. 2021) ("[W]hen a plaintiff fails to respond to a Court order once threatened with dismissal, it is unlikely that a lesser sanction will result in reengagement in a

17

matter." (citing Ruzsa v. Rubenstein & Sendy Attys. at Law, 520 F.3d 176, 177 (2d Cir. 2008))), report and recommendation adopted as modified on other grounds by, 2021 WL 2659985 (E.D.N.Y. June 29, 2021); see also Tankersley v. City of N.Y., No. 19-CV-3359, 2021 WL 5013620, at *3 n.3 (E.D.N.Y. Oct. 26, 2021) (noting dismissals pursuant to Rule 41(b) are dismissals with prejudice (citing Oberoi v. Shawnee Trucking PA Inc., No. 19-CV-2471, 2020 WL 4209312, at *3 (E.D.N.Y. Feb. 3, 2020))); Clougher v. Home Depot U.S.A., Inc., No. 06-CV-5474, 2008 WL 2448202, at *1 (E.D.N.Y. Feb. 26, 2008) ("It is well settled that a dismissal under Rule 41(b) 'operates as an adjudication on the merits and that such a dismissal is with prejudice.'" (quoting Hoffman v. Wisner Classic Mfg. Co., 927 F. Supp. 67, 71 (E.D.N.Y. 1996))), report and recommendation adopted by, 2008 WL 2448121 (E.D.N.Y. June 17, 2008).

Accordingly, the motions to dismiss Telluric's Counterclaims and Third-Party Complaint, which are unopposed, are GRANTED pursuant to Rule 41(b). In light of this conclusion, the Court need not address the remaining arguments in the motions to dismiss.

## CONCLUSION

For the stated reasons, **IT IS HEREBY ORDERED that** the motions to dismiss Telluric's Counterclaims and Third-Party Complaint (ECF Nos. 124, 126, 128) are GRANTED. The dismissal of

Telluric's Counterclaims and Third-Party Complaint (ECF No. 9) is deemed WITH PREJUDICE.  See Tankersley, 2021 WL 5013620, at *3 n.3; Clougher, 2008 WL 2448202, at *1.

Plaintiff and the Third-Party Defendants are directed to serve a copy of this Memorandum & Order upon Telluric and to file proof of such service forthwith.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September 28, 2023
       Central Islip, New York

19