UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
THE RESEARCH FOUNDATION FOR THE
STATE UNIVERSITY OF NEW YORK,

    Plaintiff/Counterclaim-
    Defendant,

      -against-

TELLURIC LABS, LLC,

    Defendant/Counterclaim-
    Plaintiff

      -against-

STATE UNIVERSITY OF NEW YORK AT
STONY BROOK; PETER I. BERNSTEIN;
MICHAEL FERDMAN; PETER MILDER;
FARID SAMANDI; TIANCHU JI and
SHENGSUN CHO,

    Third-Party Defendants.
--------------------------------X

MEMORANDUM & ORDER
21-CV-1898 (JS)(SIL)

APPEARANCES

| | |
|---|---|
| For Plaintiff/Counterclaim-Defendant The Research Foundation for the State University of New York: | Peter I. Bernstein, Esq.<br>Seth M. Weinfeld, Esq.<br>Scully, Scott, Murphy & Presser PC<br>400 Garden City Plaza, Suite 300<br>Garden City, NY 11530 |
| For Defendant/Counter-claim Plaintiff Telluric Labs, LLC: | Unrepresented |
| For Third-Party Defendant State University of New York at Stony Brook: | Nicholas Mesiti, Esq.<br>Thomas Sica, Esq.<br>Heslin Rothenberg Farley & Mesiti, P.C.<br>5 Columbus Circle<br>Albany, NY 12203 |

For Third-Party Defendant   Meredith Diane Belkin, Esq.
Peter I. Bernstein:         Marian C. Rice, Esq.
                            L'Abbate Balkan Colavita & Contini, LLP
                            3 Huntington Quadrangle, Suite 102S
                            Melville, NY 11747


For Third-Party             Peter I. Bernstein, Esq.
Defendants Michael          Seth M. Weinfeld, Esq.
Ferdman, Peter Milder,      Scully, Scott, Murphy & Presser PC
Farid Samandi, Tianchu      (See above for address)
Ji, and Shengsun Cho:


For Proposed-Intervenor     Codrut Radu Radulescu
Codrut Radu Radulescu:      65 Longview Street
                            West Orange, NJ 07052

SEYBERT, District Judge:

Plaintiff The Research Foundation for the State University of New York ("Plaintiff" or the "Foundation") commenced this action against Defendant Telluric Labs, LLC ("Defendant" or "Telluric") on April 8, 2021, alleging breach of contract, unjust enrichment, account stated, promissory estoppel, quantum meruit, and breach of the implied covenant of good faith and fair dealing in connection with a series of contracts executed among the parties. (See generally Compl., ECF No. 1.)

Two years later, on April 6, 2023, Proposed-Intervenor Codrut Radu Radulescu, ("Radulescu")[1], an officer of Telluric, moved to intervene pursuant to Federal Rule of Civil Procedure

---

[1] Although Radulescu is proceeding pro se as a proposed intervenor, he is also an attorney; as such, he is not entitled to the special solicitude the Court would ordinarily extend to a pro se party. See Azaryev v. City of N.Y., No. 21-CV-3909, 2021 WL 3861773, at *2 (E.D.N.Y. Aug. 27, 2021).

("Fed. R. Civ. P." or "Rule") 24(a), or in the alternative, to dismiss pursuant to Fed. R. Civ. P 19(b) (hereafter the "Intervention Motion".) (ECF No. 153.) On September 18, 2023, Judge Locke issued a Report and Recommendation ("R&R" or "Report") recommending Radulescu's Intervention Motion be denied in its entirety. (ECF No. 182.) Radulescu filed objections (hereafter the "Objections" or "Objs.") on October 23, 2023, and, for the first time, raised an argument that his June 9, 2023 letter to the Court (ECF No. 178) should be construed as a Rule 25 motion to substitute parties (hereafter the "Rule 25 Motion"). (ECF No. 200.) Defendants filed an opposition to Radulescu's objections on November 2, 2023 (hereafter the "Opposition" or "Opp'n").[2] (ECF No. 201.)

For the reasons that follow, Radulescu's Objections are OVERRULED, the R&R is ADOPTED, and Radulescu's Intervention Motion and Rule 25 Motion are DENIED. In accordance with the Court's denial of Radulescu's Intervention Motion, it is ORDERED that Radulescu's Letter Motion to Set Aside the Clerk's Entry of Default (ECF No. 180) is DENIED as moot. It is FURTHER ORDERED that the parties are directed to appear on December 13, 2023 at 9:00 A.M.

---

[2] Radulescu filed a reply on November 9, 2023 without permission from the Court. (ECF No. 202.) The Court's Individual Rules make clear that "all requests to file rebuttal, sur-replies, etc. . . . must be made by letter motion[]" and "such requests are granted sparingly." (Individual Rule III.D.1.) The Court accordingly declines to consider Radulescu's reply; however, even if it were to consider it, the Court's decision would remain the same.

by telephone for a hearing on Plaintiff's Default Motion.  Telluric is ON NOTICE that failure to appear by counsel at the hearing may result in an adverse ruling.  Radulescu is ON NOTICE that he may not appear at the hearing as counsel for Telluric or as a "Proposed Intervenor."

BACKGROUND

I.   Procedural History

The procedural posture of this case is tortured, due, in no small part, to Radulescu's relentless and borderline frivolous attempts to appear in this case on behalf of Telluric despite being disqualified.  The case concerns a series of contracts executed by, negotiated among, or otherwise involving two officers of Telluric, Radulescu and Michael Invanciu. (See generally Compl.) In June and July 2021, Radulescu and Invanciu appeared as counsel for Telluric.  (See ECF Nos. 8, 10.) On August 27, 2021, Plaintiff moved to disqualify Radulescu and Invanciu as counsel under the advocate-witness rule, which states that a party whose testimony is material and necessary to claims and defenses in a case may not serve as counsel in that same case.  (Id.)  On November 17, 2021, Magistrate Judge Locke granted Plaintiff's Motion to Disqualify Counsel and stayed the case for 30 days to allow Telluric to obtain new counsel. (ECF No. 57.)

Although Telluric eventually obtained counsel in January 2022, Telluric's attorney moved to withdraw nine months later on

4

September 2, 2022.  (See ECF Nos. 63, 96).  On October 6, 2022,
Judge Locke granted the withdrawal motion and stayed the case for
another 98 days to permit Telluric to retain new counsel.  (ECF
No. 110)(staying the case from October 6, 2022 to January 12,
2023.)  Despite repeated warnings from Judge Locke and the
undersigned that Telluric cannot proceed pro se and that failure
to obtain counsel may result in a default on the pending motions
to dismiss, Telluric has remained without counsel for more than a
year.  (See ECF No. 116; see also Electronic Orders dated Jan. 17,
2023; March 1, 2023; March 8, 2023; and March 24, 2023.)  Radulescu
now brings the Intervention Motion pursuant to Fed. R. Civ. P. 24,
claiming, inter alia, that he is a "necessary party," because he
has a "perfected lien" in the "subject matter" and "causes of
action" in this case. (Support Memo, ECF No. 154, at 9, 11.)
Alternatively, Radulescu argues the case should be dismissed under
Fed. R. Civ. P. 19, for failure to join an absent party. (Id. at
11.)

II.  Judge Locke's Report and Recommendation

        Judge Locke recommended Radulescu's Intervention Motion
be denied because Radulescu: (1) failed to submit a proposed
complaint in intervention, (2) may not be permitted to use
intervention to circumvent the requirement that a corporation must
appear via counsel, (3) failed to meet the intervention

requirements of Rule 24, because his Intervention Motion was untimely; and (4) is not a necessary party under Rule 19. (R&R at 13, 16, 19.) In reaching making his recommendation, Judge Locke considered Radulescu's argument that he should be permitted to intervene because he holds a "perfected lien in the tangible and intangible property of Telluric, including the causes of action in this litigation, certain intellectual property, and trade secrets," but nonetheless determined that the Intervention Motion was procedurally deficient and failed on the merits. (Id. at 13-14.)

Beginning with the procedural deficiency in Radulescu's Intervention Motion, Judge Locke noted Radulescu failed to submit a proposed complaint in intervention setting out the claims or defenses for which intervention is sought, as required by Rule 24(c). Although courts may overlook such procedural deficiencies where the proposed intervenor's position is otherwise apparent, Judge Locke concluded "none of the papers filed by Radulescu specify the claims he seeks to bring or the parties against whom he seeks to bring them." (Id. at 13.) Judge Locke further noted his suspicion that Radulescu's failure to submit a proposed complaint was a "direct consequence of [his] motivations in bringing [his Intervention Motion]," i.e., Radulescu did not include a proposed complaint because he did not have actual claims

against parties, but rather seeks to intervene as a means to serve as pseudo-counsel for Telluric. (Id. at 14.)

Even setting aside the procedural deficiencies, the R&R concluded the Intervention Motion fails on the merits because a party "may not use intervention as a means to avoid the requirement that [an entity must] retain counsel." (Id. at 14.) Judge Locke cited numerous cases supporting the proposition that intervention is not permitted under Rule 24 where the proposed intervenor is "closely involved in the [entity's] affairs as officer or principle" and the "connection between [the intervenor and entity] is so intimate" that "intervention is in effect an effort to enable [the entity] to appear without counsel." (Id.) (internal quotations and ellipses omitted). Furthermore, the R&R emphasized the context of Radulescu's Intervention Motion, including Radulescu's acknowledgement that said Motion was motivated by Telluric's failure to obtain corporate counsel, which supports the notion that Radulescu is attempting to intervene in order to "end-run around the requirement that Defendant obtain counsel." (Id. at 15-16.)

Judge Locke also found Radulescu did not meet the requirements for mandatory or permissive intervention under Rule 24. (Id. at 16, 19, n.8 (noting the same factors are considered by courts in determining whether a party may intervene via mandatory or permissive intervention)). A motion to intervene

must be timely.  In evaluating the timeliness of an Intervention Motion, courts examine: "(1) the length of delay in seeking intervention, (2) whether existing parties are prejudiced by the delay, (3) whether the movant will be prejudiced if the motion is denied, and (4) unusual circumstances weighing for or against timeliness." (Id. at 16-17.)  In considering the timeliness factors, Judge Locke concluded they "establish that Radulescu's intervention would be untimely." (Id. at 17.). First, the length of delay in seeking intervention is substantial.  (Id.) Radulescu was well aware of this action at its inception two years ago, yet "fail[ed] to explain his delay [in moving to intervene], apart from asserting that his interests in this litigation were protected when Defendant had counsel." (Id.)  In light of these circumstances, Judge Locke concluded Radulescu's delay in seeking intervention weighs in favor of finding the Intervention Motion is untimely. (Id.)  Judge Locke recognized, however, that the second factor weighed slightly in Radulescu's favor because neither Plaintiff nor Third-Party Defendants articulated any specific prejudice they would suffer aside from a delay in adjudication. (Id. at 18.)  Third, Judge Locke determined Radulescu would not be prejudiced if he were not permitted to intervene because "any lien Radulescu holds over Defendant's property would survive adjudication in the present action." (Id.)  Fourth, Judge Locke found the "unusual circumstances of" Radulescu's proposed

intervention weighed against permitting him to intervene because those circumstances suggested Radulescu attempted to "circumvent the requirement that Telluric obtain counsel." (Id. at 18-19.) Having concluded Radulescu's Intervention Motion should be denied as untimely, Judge Locke found no need to consider the remaining requirements for mandatory or permissive intervention under Rule 24. (Id. at 19.)

The R&R further concluded Radulescu's Rule 19 Motion should be denied, as complete relief can be afforded in Radulescu's absence, and Radulescu's interests will not be impeded if he is not permitted to intervene. (Id. at 19-20.) Magistrate Judge Locke noted, "Radulescu has failed to explain why complete relief on either Plaintiff's claims against Telluric or Defendant's claims against the Foundation and Third-Party Defendants could not be rendered in his absence." (Id. at 20.) This is especially true considering Radulescu's lien "has no bearing on Plaintiff's breach of contract claims against Telluric, nor Defendant's various counterclaims." (Id.) Moreover, "[e]ven assuming Radulescu's purported lien or ownership of trade secrets constitute an interest in this action, he has not established that his interest would be impeded in his absence." (Id. at 21.) Rather, "Radulescu concedes that his interests in this action are identical to those of Defendant and would be protected but for Telluric's inability to obtain a lawyer." (Id. at 21.)

9

Accordingly, the Magistrate Judge concluded Radulescu's Rule 19 Motion should be dismissed because he is not a necessary party. (Id.)

DISCUSSION

I.   Legal Standard

A.   Report and Recommendation

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3). The district judge must evaluate proper objections de novo; however, where a party "makes only conclusory or general objections, or simply reiterates [the] original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)); FED. R. CIV. P. 72(b)(3).

The Court need not review the findings and conclusions to which no proper objection has been made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Under Rule 72, "objections to the magistrate judge's report and recommendation . . . must be specific, written, and submitted within 14 days of being served with a copy of the recommended disposition." Ricciardi v. Colvin, No. 15-CV-715, 2017 WL 4011243, at *1 (E.D.N.Y. Sept. 12, 2017) (citing FED. R. CIV. P. 72(b)(2)) (internal quotations omitted).  When a party

10

makes an objection that "does not even address the basis for [the Magistrate Judge's] recommendation," such objection fails to meet the specificity requirement of Rule 72 and accordingly does not require de novo review. Greene v. WCI Holdings Corp., 956 F. Supp. 509, 517 (S.D.N.Y. 1997), aff'd, 136 F.3d 313 (2d Cir. 1998); see also Chabrier v. Leonardo, No. 90-CV-0173, 1991 WL 44838, at *2 (S.D.N.Y. Mar. 26, 1991) ("It is not part of the role of the district court in reviewing a magistrate judge's report and recommendation under Rule 72(b) to create some theory for the objecting party, hence the Rule's requirement of 'specific' written objections.")

B. Rule 25 Motions

Under Federal Rule of Civil Procedure 25, if a party's interest is transferred, "the action may be continued by or against the original party, unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." FED. R. CIV. P. 25(c). Further, "a motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on non-parties as provided in Rule 4." Id.; FED. R. CIV. P. 25(a)(3). The decision whether to "substitute[] a successor in interest under Rule 25(c) is generally within the sound discretion of the trial court." Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co., No. 18-CV-11386, 2023 WL 7135236, at *5 (S.D.N.Y. Oct. 30, 2023) (citing Organic Cow, LLC v. Ctr. For

New Eng. Dairy Compact Rsch., 335 F.3d 66, 71 (2d Cir.
2003))(quotations and ellipses omitted). "The decision to order
substitution or joinder is to be made by considering how the
conduct of the lawsuit will be most facilitated; it in no way
affects the substantive rights of the transferor or transferee."
Federal Deposit Ins. Corp. v. Tisch, 89 F.R.D. 446, 448 (E.D.N.Y.
1981). The "primary consideration in deciding a motion pursuant
to Rule 25(c) is whether substitution will expedite and simplify
the action." Advanced Mktg. Grp., Inc. v. Bus. Payment Sys., LLC,
269 F.R.D. 355, 359 (S.D.N.Y. 2010) (denying motion to substitute
where substitution would "lengthen and complicate what is, at its
core, a contractual dispute between two companies, one of which
has defaulted") (internal citations and quotations omitted).

II. Analysis

         Radulescu raises the following objections to Judge
Locke's R&R: (1) although the Court "acknowledge[d] the existence
of [Radulescu's] assignment [of Telluric's claims]," it
"overlooked" the "substance, magnitude, and ramifications" of such
a transfer; (2) when the Court applied the law of "lay people
circumventing representation of corporate counsel," it ignored
"facts and legal arguments presented [previously] in Radulescu's
reply"; (3) the Court failed to consider that the timeliness
determination under Rule 24 is measured relative to when the

intervening party learned its interests were not being represented;(4) the Court overlooked Radulescu's role as a lienholder and the fact that there is "nobody protecting [Radulescu's] direct interests to recover from adversaries"; and (5) the Court overlooked that Radulescu is an "indispensable party" because he owns a patent that is subject of "several" counterclaims.  (Objections at 2, 5, 6, 8-10.)

A. <u>Judge Locke's Recommendations Should be Reviewed Only for Clear Error</u>

Turning to Radulescu's objections, the Court finds each of them to be "mere reiterations of the arguments in [the] original papers that were fully considered, and rejected, by" Judge Locke. <u>Out of the Blue Wholesale, LLC v. Pacific Am. Fish Co., Inc.</u>, No. 19-CV-0254, 2020 WL 7488072, at *2 (E.D.N.Y. Dec. 21, 2020) (quoting <u>Rizzi v. Hilton Domestic Operating Co., Inc.</u>, No. 19-CV-1127, 2020 WL 6243713, at *2 (E.D.N.Y. Oct. 23, 2020) (collecting cases)).  Radulescu's regurgitation of his original arguments is well-supported by the record and his own admissions. In his first objection, Radulescu's concedes Judge Locke "acknowledged" his "assignment" of claims but argues the Magistrate Court "overlooked" the "substance, magnitude, and ramifications" of such a transfer.  In making this objection, Radulescu not only admits he already made this argument in his Intervention Motion, but he also admits Judge Locke considered the

13

argument.   (Cf. Support Memo at 11 (discussing Radulescu's "perfected lien" in certain "causes of action."); R&R at 13 (recommending denial of intervention despite Radulescu's "perfected lien in the tangible and intangible property of Telluric"); Objs. at 2, 10-11 (alleging Judge Locke ignored evidence of Radulescu's interests in tangible and intangible property)). Radulescu also admits his second objection concerns arguments previously raised in his moving papers. (Objs. at 5 (arguing Judge Locke's decision overlooks the "facts and legal argument presented in Radulescu's reply")).

As his third objection, Radulescu asserts the Magistrate Court did not consider that the timeliness determination under Rule 24 is measured relative to when an intervening party learned its interests were not being represented. (Objs. at 8-9). Again, Radulescu raised this argument in his initial Intervention Motion, and Judge Locke considered it. (Cf. Support Memo at 7-8 (arguing Intervention Motion was timely because Radulescu just learned that "Telluric is not getting any relief"; R&R at 17 (noting Radulescu failed to explain the delay in his Motion except for stating that "his interests in this litigation were protected when [Telluric] had counsel")). Radulescu's fourth and fifth objections similarly regurgitate arguments raised in his Intervention Motion that were duly considered by Judge Locke.   Indeed, Radulescu repeatedly stated he had a "protectible interest" as a lienholder of

Telluric's tangible and intangible property, including certain claims in the instant case, and intellectual property. (See Support Memo at 9, 10, 11). And, as evidenced in the R&R, Judge Locke expressly considered Radulescu's interests when determining intervention was not appropriate and Radulescu was not a necessary party. (R&R at 8, 13, 16, 18, 20, 21.) Accordingly, because each of Radulescu's objections merely regurgitate arguments already raised by Radulescu and considered by Judge Locke, the R&R is reviewed only for clear error. See J.P.T. Auto., Inc. v. Toyota Motor Sales, U.S.A., Inc., 659 F. Supp. 2d 350, 353 (E.D.N.Y. 2009) (reviewing report and recommendation for clear error where objections "consist[ed] of nothing more than reiterating its original arguments . . . coupled with a few general or conclusory allegations").

B. **Radulescu Fails to Meet the Requirements for Intervention or Dismissal**

The Court finds Judge Locke's Report to be well-reasoned and free of clear error; accordingly, it is adopted it in its entirety. Moreover, even applying the more liberal de novo review, the Court would reach the same conclusion.

1. **Judge Locke Correctly Concluded Radulescu Should Not Permitted to Intervene under Rule 24**

The Court agrees with Judge Locke's recommendation that Radulescu's Intervention Motion was improperly brought for the

purpose of circumventing the "longstanding rule that a corporation may appear in federal court only through its lawyer." Jacobs v. Pat. Enf't Fund, Inc., 230 F.3d 565, 569 (2d Cir. 2000) (reversing district court order permitting intervention where proposed intervenor was president of defendant company and the connection between the proposed intervenor and the company was "so intimate that the [proposed intervenor]'s intervention" was "in effect an effort to enable [the company] to appear without counsel"). This is especially true in light of Radulescu's own admissions, namely: (1) he intervened because "it became clear that Telluric cannot get . . . counsel or [sic] record in time to prevent a default"; and (2) it was "not advisable" for him to intervene when Telluric had counsel previously, because his interests were adequately represented by Telluric. (Support Memo at 6-7, Objs. at 8.) These two admissions, along with the suspect timing of Radulescu's attempt to intervene, show Radulescu seeks intervention to serve as pseudo-counsel for Telluric, an entity he owns, and of which he is a founding member and the Vice President, and which he claims has interests which are "identical" to his. (Radulescu Decl., ECF No. 39-1, at 2; Reply, ECF No. 167, at 8; Objs. at 8.) The law makes clear that the Federal Rules permitting intervention may not be utilized to evade the requirement that an entity must be represented by counsel. See, e.g., Waterkeeper All. Inc. v. Spirit of Utah Wilderness, Inc., No. 10-CV-1136, 2018 WL 11195445, at *2

16

(S.D.N.Y. Sept. 14, 2018) (noting that permitting an intervenor, under similar circumstances as here, would be an "abuse of discretion"). This case is no exception.

Moreover, for the astute reasons discussed in Judge Locke's Report, the Court finds Radulescu's Rule 24 Motion to be untimely. (R&R at 16-19.) In his objection papers, Radulescu argues his Intervention Motion is timely because he learned of his need to intervene only after "it became clear" Telluric would not be able to retain counsel. (Objs. at 8.) He contends he learned of his intervening interest "a few days before" filing his Rule 24 Motion. (Id.) When a party first learns of a threat to his lien, however, "does not necessarily control the length of delay finding." Butler, Fitzgerald & Potter v. Sequa Corp., 250 F.3d 171, 182 (2d Cir. 2001) ("Delay is not measured solely subjectively because, if that were the test, a putative intervenor could always claim it did not know it needed to intervene until the eve of its motion"). Moreover, the record makes clear Radulescu has known about this case, and his lienor interest against Telluric, since its inception. Of import, Radulescu previously served as Telluric's counsel prior to his disqualification. Radulescu also knew Telluric's counsel moved to withdraw fourteen months ago, in September 2022, and that the withdrawal motion was granted soon thereafter, on October 2022. (ECF Nos. 96, 110.) This case was then stayed for 98 days to permit Telluric to obtain new counsel.

(ECF No. 110.)  At no point within those 98 days, or the three months thereafter, did Radulescu seek intervention.  Further, even if the length of delay in filing the Motion was permissible, for the reasons articulated in Judge Locke's Report, other timeliness factors weigh against a finding that intervention was timely sought.  (R&R at 18-19.)

> ## 2. Judge Locke Correctly Concluded that Dismissal is Not Appropriate Under Rule 19

The Court agrees with Judge Locke's recommendation that Radulescu is not a necessary party under Rule 19(a), and thus the Court need not dismiss the Complaint under Rule 19(b).  A party is "necessary" under Rule 19(a) if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc., 471 F.3d 377, 385 (2d Cir. 2006) (citing FED. R. CIV. P. (19)(a)).  As Judge Locke aptly points out in his Report, complete relief can be accorded among the existing parties in this breach of contract case with Radulescu's interest in the subject of this action not being impeded following its disposition.  (R&R at 20.)  Indeed,

Radulescu's lien against Telluric will survive any adjudication in this matter.  (R&R at 20); Bosteve Ltd. v. Marauszwki, 110 F.R.D. 257, 260 (E.D.N.Y. 1986) (denying motion to dismiss under Rule 19 where movant was not actually "interested in the dispute between [the parties]" and movant's "only concern [was] that the balance of its loan be paid").  Furthermore, Radulescu has offered no evidence indicating adjudication of this matter will leave any of the parties open to the substantial risk of incurring double, multiple, or otherwise inconsistent obligations.

Radulescu further argues the purported assignment of certain claims to him from Telluric renders him a necessary party. (See Support Memo at 11; Objs. at 2.)  The Court finds this argument unavailing.  Telluric has no viable claims or counterclaims in this action; all of Telluric's claims were dismissed pursuant to this Court's September 28, 2023 Order.  (ECF No. 184.)

Based on the foregoing, Radulescu's objections are overruled, the Court adopts Judge Locke's Report in its entirety, and Radulescu's Intervention Motion is denied.  To the extent Radulescu raises any additional discernable objections not explicitly discussed herein, the Court finds those objections to be without merit.

C.     The Court Declines to Substitute Parties Under Rule 25

For the first time in his Objections, Radulescu argues his June 12, 2023 letter to the Court (ECF. No. 178) is "tantamount to a Rule 25(c) motion" for substitution of counsel. (Objs. at 1.) Even liberally construing Radulescu's papers as a Rule 25 motion, notwithstanding Radulescu has blatantly disregarded the procedural requirements of filing such a motion, raising an entirely new argument in his Objection along with new evidence that the Court need not consider, the Court declines to permit a substitution of the parties. See FED. R. CIV. P. 25(c)(directing a party seeking substitution to effect service pursuant to Fed. R. Civ. P. 25(a)(3), which requires the movant to file "[a] motion to substitute, together with a notice of hearing" on the parties); United States v. Sun, 571 F. Supp. 3d 22, 30 (W.D.N.Y. 2021) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not."); Fischer v. Forrest, 286 F. Supp. 3d 590, 603 (S.D.N.Y. 2018), aff'd, 968 F.3d 216 (2d Cir. 2020) ("It is . . . well settled that courts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation.") (citing Tavares v. City of N.Y., No. 08-CV-3782, 2011 WL 5877548, at *2 (S.D.N.Y. Nov. 23, 2011)).

The decision whether to substitute a successor in interest rests within the sound discretion of the trial court. Spectrum Dynamics, 2023 WL 7135236, at *5); see also Kaplan v. Lehrer, 173 F. App'x. 934, 935 (2d Cir. 2006) ("Nothing in Rule 25(a), however, gives another party a right to substitute . . . . Instead, the rule provides that 'the court may order substitution' of proper parties."). In fact, the express language of Rule 25(c) permits the action to be continued against the original party even if an interest is transferred to a new party. FED. R. CIV. P. 25(c) ("If an interest is transferred, the action may be continued by or against the original party"); see also Kumaran v. Nat'l Futures Ass'n, 604 F. Supp. 3d 82, 89 (S.D.N.Y. 2022) (further citations omitted). The primary consideration in deciding a Rule 25(c) motion is whether the substitution will expedite and simplify the action. Advanced Mktg. Grp., 269 F.R.D. at 359; Banyai v. Mazur, No. 00-CV-9806, 2009 WL 3754198, at *3 (S.D.N.Y. Nov. 5, 2009); Kumaran, 604 F. Supp. 3d at 88 ("[S]ubstitution is inappropriate where it would serve only to add duration, costs, and complexity to an action.") (citation and quotation marks omitted).

Here, the Court finds substituting Radulescu for Telluric would only complicate and delay this matter further. This is especially true given the Court's finding that Radulescu is one of the "sole fact witnesses" in this action, and the fact that

there is already a Clerk's Entry of Default and an unopposed[3]
motion for default judgment against Telluric.  (See Mem. and Order,
ECF No. 57, at 14; ECF Nos. 123, 175.)  Here, if substitution were
permitted, the parties would face the same ethical issues described
in Judge Locke's November 17, 2021 order disqualifying Radulescu
as counsel for Telluric.  (ECF No. 57.)  As stated ad nauseum
throughout the duration of this case, Radulescu's role as a
necessary fact witness disqualifies him from serving as counsel
for Telluric.  If Radulescu were permitted to serve as a substitute
for Telluric in this matter, it is plainly apparent that the same
ethical issues would persist.  It logically follows that this would
certainly complicate, as opposed to "simplify" this action.  See
Advanced Mktg, 269 F.R.D. at 359; Kumaran, 604 F. Supp. 3d at 88.
If, however, the parties remained the same, with no substitution,
the "narrow set of remaining issues would rise to the surface
immediately, and the case would come to a rapid close."  Advanced
Mktg, 269 F.R.D. at 359.  Accordingly, in the interest in
simplifying and expediting this action, the Court denies
Radulescu's request to substitute parties under Fed. R. Civ. P.
25.

---

[3] For the avoidance of doubt, the Court acknowledges Radulescu filed a letter
as a "pro se intervenor" purporting to move to set aside the Clerk's Entry of
Default.  (ECF No. 180).  However, as a non-party, Radulescu does not have
standing to do so.  Federman v. Artzt, 339 F. App'x 31, 33 (2d Cir. 2009)
(noting relief under Rule 60(b) is "not ordinarily available" to non-parties)
(internal citations and quotation marks omitted).

<u>CONCLUSION</u>

For the stated reasons, IT IS HEREBY ORDERED that Radulescu's objections are OVERRULED, the R&R is ADOPTED in its entirety, and Radulescu's Intervention Motion (ECF No. 153) and Rule 25 Motion (which the Court has liberally construed to be ECF Nos. 178, 200) are DENIED.  In accordance with the Court's denial of Radulescu's Intervention Motion, it is ORDERED that Radulescu's Letter Motion to Set Aside the Clerk's Entry of Default (ECF No. 180) is DENIED as moot.

It is FURTHER ORDERED that the parties are directed to appear on December 13, 2023 at 9:00 A.M. by telephone for a hearing on Plaintiff's Default Motion.  The hearing will be held via the Court's teleconferencing system. Parties are directed to dial the following telephone number at the designated time: 877-336-1839, access code 7231185.  Telluric is ON NOTICE that failure to appear by counsel at the hearing may result in an adverse ruling. Radulescu is ON NOTICE that he may not appear at the hearing as counsel for Telluric or as a "Proposed Intervenor."

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: November 16, 2023
       Central Islip, New York

23