

February 8, 2024
Via ECF

400 Garden City Plaza
Suite 300
Garden City, NY 11530
516-742-4343
Fax: 516-742-4366
E-mail: intprop@ssmp.com
www.ssmp.com

Peter I. Bernstein*
Thomas Spinelli*
Xiaochun Zhu, Ph.D.
Edward W. Grolz
Steven Fischman
William Chung
Eunhee Park
Seth M. Weinfeld
Frank S. DiGiglio
Paul J. Esatto, Jr.
Mark J. Cohen, Ph.D.
Richard L. Catania
Keith A. Weltsch
Brian M. Rothery

*Managing Partners

Associates & Patent Agents
Leslie S. Szivos, Ph.D.
Edmund Gutierrez, Ph.D.
Hesong Cao
Kate H. Wong
Riddhi Bhattacharyya, Ph.D.
John D. Cravero, Ph.D.
Ryan Goodell
Gabriel Shen

Counsel
Allen R. Morganstern
Philip Feig

Retired
John S. Sensny

Anthony C. Scott
1931 - 1994
Leopold Presser
1927 - 2011
Stephen D. Murphy
1941 - 2013
Kenneth King
1940 – 2019
John F. Scully, Ph.D.
1925 - 2020

Hon. Steven I. Locke
Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 820
Central Islip, New York 11722

Re: The Research Foundation for the State University of New York v.
Telluric Labs, LLC – 2:21-cv-01898-JS-SIL

Dear Judge Locke:

We are counsel for Plaintiff/Counterclaim-Defendant, The Research Foundation for the State University of New York ("The Research Foundation" or "RF") and Third-Party Defendants Dr. Michael Ferdman, Dr. Peter Milder, Mr. Farid Samandi, Mr. Shengsun Cho, and Mr. Tianchu Ji in the above-referenced civil action. The State University of New York at Stony Brook ("SUNY") joins this letter.

Mr. Radu Radulescu ("Radulescu") has moved this Court to release to the Defendant Telluric Labs, LLC ("Telluric" or "Defendant") an Electronic Sound Recording (ESR) of a sealed hearing conducted on October 6, 2022 (the "Hearing")[ECF. 218]. The Hearing was occasioned by Defendant's counsel, the Gearhart Law Firm's motion to withdraw as counsel for Telluric. The proceeding's electronic transcript was sealed in an apparent effort to protect the confidentiality of communications between Defendant's withdrawing counsel and Telluric-- including alleged attorney-client communications. The Research Foundation, Third-Party Defendants and SUNY waived their appearances at the Hearing.

Radulescu is not entitled to the ESR. Radulescu has been disqualified from representing Telluric in this case [ECF 57], so he cannot request the ESR on behalf of Telluric. Further, while Radulescu may be a "minority shareholder" of the Defendant, he has no standing to move for a release of the ESR to the Defendant. To the extent that there is privileged information (and the privilege was not waived by presenting the privileged information to the Court), that privilege is owed to Telluric and not Radulescu as a shareholder, and/or disqualified attorney of Telluric [ECF. 57]. This Court has repeatedly instructed Radulescu, that Telluric (the corporate entity) requires counsel to represent its interests before this Court. Radulescu's latest request is yet another attempt to circumvent this Court's numerous orders for Telluric to obtain counsel. If the Defendant wants the ESR (from the sealed Hearing), then Defendant (not Radulescu) should move for the ESR through retained counsel.

Moreover, Radulescu's motion makes it clear that his request for the ESR is for himself personally under the guise that it should be "release[d] to the Defendant" to "safeguard the integrity of the factual record for [him]" for his appeal. This Court will recall, that Mr. Radulescu's motion to intervene was properly denied by Judge Seybert. ECF. No. 203 (based on Your Honor's Report and Recommendations ECF. 182). Judge Seybert dismissed Telluric's Counterclaims for a failure to prosecute and ECF. 184 and granted RF's Motion for Default. ECF 212. Only Radulescu is appealing any decision. Telluric, which did not file a notice of appeal, is not an Appellant in the appeal.

Additionally, Radulescu's motion refers to a form AO 435, a separately filed request for a transcript of the Hearing. This Motion and separate request are a waste of judicial resources.

Lastly, should this Court grant Radulescu's Motion, a copy of the ESR should be made available to all parties. Radulescu should not be able to use the ESR for personal use, but at the same time shield the ESR from either public access or the parties' access.

Respectfully submitted,

/s/ Peter I. Bernstein

Seth M. Weinfeld
Peter I. Bernstein
Scully, Scott, Murphy & Presser, P.C. *Counsel for The Research Foundation for The State University of New York and Third-Party Defendants Dr. Michael Ferdman, Dr. Peter Milder, Mr. Farid Samandi, Mr. Shengsun Cho, and Mr. Tianchu Ji*