UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
THE RESEARCH FOUNDATION FOR THE STATE UNIVERSITY OF NEW YORK,

      Plaintiff/Counterclaim-Defendant,

-against-

TELLURIC LABS, LLC,

      Defendant/Counterclaim-Plaintiff,

-against-

STATE UNIVERSITY OF NEW YORK AT STONY BROOK, PETER I. BERNSTEIN, MICHAEL FERDMAN, PETER MILDER, FARID SAMANDI, TIANCHU JI and SHENGSUN CHO,

      Third-Party Defendants.

------------------------------------------------------------------x

**MEMORANDUM AND ORDER**

21-CV-1898 (JS)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

      Presently before the Court in this diversity-breach of contract action, referred for decision by the Honorable Joanna Seybert, is Third-Party Defendant the State University of New York at Stony Brook's ("SUNY") unopposed motion for attorneys' fees and expenses as a sanction against Defendant Telluric Labs LLC ("Defendant" or "Telluric") pursuant to 28 U.S. § 1927 and the Court's inherent powers. *See* Third-Party Defendant's Motion for Attorneys' Fees and Costs ("SUNY's Motion" or "SUNY Mot."), Docket Entry ("DE") [217].  Given that SUNY has failed to establish that Defendant acted in bad faith, SUNY's Motion is denied in its entirety.

I.  BACKGROUND

By way of Complaint dated April 8, 2021, the Plaintiff The Research Foundation of the State University of New York ("Plaintiff" or the "Foundation") commenced this action against Telluric for: (i) breach of contract; (ii) unjust enrichment; (iii) account stated; (iv) promissory estoppel; (v) quantum meruit; and (vi) breach of the implied covenant of good faith and fair dealing. *See generally* Complaint ("Compl."), DE [1]. On June 11, 2021, Defendant denied the material allegations, and filed third-party claims against SUNY, Peter Bernstein, Michael Ferdman, Peter Milder, Faird Samandi, Tianchu Ji, and Shengsun Cho (together, "Third-Party Defendants"), *see* Answer with Counterclaims and Third-Party Complaint ("Ans."), DE [6], later modified by an Amended Answer with Counterclaim and Third-Party Complaint on July 9, 2021. *See* First Amended Answer with Counterclaims and First Amended Third-Party Complaint ("Am. Ans."), DE [9].[1]

Telluric was initially represented by Michael Ivanciu ("Ivanciu") and Codrut Radu Radulescu ("Radulescu"), Defendant's President and Vice President, respectively, as well as attorneys admitted to practice in New York. *See* DEs [6], [10]. On August 27, 2021, Plaintiff moved to disqualify Ivanciu and Radulescu as counsel for Telluric. *See* DE [20]. This Court granted the Foundation's motion on November

---

[1] Telluric asserted sixteen causes of action in its Amended Third-Party Complaint, consisting of: (i) three breach of contract claims; (ii) two causes of action for "anticipatory breach of contract"; and (iii) one claim each for: fraud, conversion, promissory estoppel, fraud in the inducement, unjust enrichment, breach of fiduciary duty, "tortious idea misrepresentation," "coercion/intentional tortious disclosure of IP," "intentional interference with a contractual relationship," and Violation of the Defendant Trade Secrets Act. *See* Am. Ans. ¶¶ 155- 392.

17, 2021 and stayed this litigation for 30 days to allow Defendant to obtain new counsel. *See* DE [57].[2]

SUNY initially sought a premotion conference on its proposed motion to dismiss on October 14, 2021, arguing that Defendant's counterclaims should be dismissed based on Eleventh Amendment sovereign immunity and/or failure to state a claim. *See* DE [45]. Judge Seybert denied this application without prejudice to renew following resolution of the motion to disqualify Ivanciu and Radulescu. *See* Electronic Order dated Oct. 15, 2021. SUNY renewed its request for a premotion conference on January 5 and February 16, 2022. *See* DEs [62], [69].

David Postolski ("Postolski") of Gearhart Law LLC filed a notice of appearance on behalf of Telluric on January 11, 2022 and discovery proceeded. *See* DE [63]. On August 24, 2022, Judge Seybert set a briefing schedule on Plaintiff's and Third-Party Defendants' motions to dismiss Defendant's counterclaims. *See* Electronic Order dated Aug. 24, 2022. Shortly thereafter, Postolski moved to withdraw as counsel. *See* DE [96]. Judge Seybert ordered that the briefing schedule on the motions to dismiss be held in abeyance pending the outcome of Postolski's motion. *See* Electronic Order dated Sep. 7, 2022. On October 6, 2022, this Court granted Postolski's motion and stayed this action so that Telluric could again obtain new counsel. *See* DE [110].

Defendant was ordered to obtain new counsel by January 12, 2023 and a status conference before this Court was scheduled for that date. *See id.* On January 9, 2023, Ivanciu wrote a letter to the Court, requesting that the status conference be

---

[2] Telluric appealed this Court's order disqualifying Ivanciu and Radulescu as counsel to Judge Seybert, who ultimately affirmed the order. *See* DEs [58], [95].

adjourned for 30 days, given that Telluric had been unsuccessful in obtaining counsel. This Court denied the motion to adjourn and the conference proceeded. *See* Electronic Order dated Jan. 10, 2023. The Court cautioned Defendant that its failure to obtain counsel could result in default on any future motions. *See* DE [116].

On January 17, 2023, Judge Seybert reinstated the briefing schedule for Plaintiff's and Third-Party Defendants' motions to dismiss. *See* Electronic Order dated Jan. 17, 2023. SUNY filed its motion to dismiss on February 17, 2023, arguing that Telluric's counterclaims should be dismissed based on Eleventh Amendment sovereign immunity under Rule 12(b)(1) or, in the alternative, for failure to state a claim pursuant to Rule 12(b)(6) and failure to prosecute under Rule 41(b). *See* DE [128].

On February 27, 2023, after the Third-Party Defendants' motions to dismiss were filed, Ivanciu attempted to seek a further stay of this litigation via letter. *See* DE [135]. Judge Seybert denied this application, noting that Ivanciu was disqualified from representing Telluric and that Defendant's failure to obtain counsel "will not prevent this case from moving forward." Electronic Order dated Mar. 1, 2023; *see* Electronic Order dated Mar. 8, 2023 (reiterating warning that failure to respond to the motions to dismiss through retained counsel "may result in the Court deeming the motions unopposed and/or result in a default on those motions").

Telluric did not obtain counsel or respond to any of the motions to dismiss – including SUNY's – by the March 17, 2023 deadline. *See* SUNY's Memorandum of Law in Support of its Motion for Attorneys' Fees ("SUNY Mem."), DE [217-1], 3.

4

Defendant sought a further stay of this action on March 23, 2023, via a letter to Judge Seybert from Michael Miller of Steptoe & Johnson LLP. *See* DE [141]. Given, however, that Miller stated that his firm was not representing Telluric, Judge Seybert declined to consider this application. *See* Electronic Order dated Mar. 24, 2023. On April 5, 2023, SUNY informed the Court that it intended to rest on its existing motion to dismiss and would not file a reply memorandum. *See* DE [151].

The following day, Radulescu filed a motion to intervene in this action based on a purported lien on Defendant's property as well as an alleged assignment of claims. *See* DEs [153] – [154], [178]. On referral from Judge Seybert, this Court recommended that Radulescu's motion be denied. *See* Electronic Order dated Apr. 11, 2023; Electronic Order dated Sep. 6, 2023; DE [182]. After granting Radulescu an extension of time to file his objections, Judge Seybert adopted the Report and Recommendation and denied Radulescu's motion to intervene. *See* Electronic Order dated Oct. 2, 2023; DE [203]. To date, Defendant has not obtained counsel.

On September 28, 2023, Judge Seybert granted SUNY's motion to dismiss Telluric's counterclaims with prejudice. *See* DE [184]. Specifically, Judge Seybert dismissed Defendant's counterclaims against SUNY pursuant to Rule 41(b), based on Telluric's failure to prosecute its claims and comply with the court orders to obtain counsel. *See id.,* 18. The Court did not consider SUNY's arguments for dismissal pursuant to Rules 12(b)(1) or 12(b)(6). *See id.*

SUNY filed the present motion on January 24, 2024, which Judge Seybert referred to this Court for decision on April 19, 2024. *See* DE [217]; Electronic Order

5

dated Apr. 19, 2024. As a result of its involvement in this action, SUNY asserts that it has incurred $122,787.50 in attorneys' fees and $695.42 in costs, for a total of $123,482.92. *See* SUNY Mem., 5.

## II. DISCUSSION

SUNY seeks an award of attorneys' fees and costs against Telluric as a sanction pursuant to 28 U.S. § 1927 and the Court's inherent power. Specifically, SUNY argues that sanctions are warranted because Defendant and its principals: (1) purposefully ignored SUNY's sovereign immunity defense, (2) delayed this litigation to prevent SUNY from exiting via motion to dismiss, and (3) repeatedly violated court orders directing Telluric to obtain counsel. *See* SUNY Mem., 7-10. As a result, SUNY seeks an award of attorneys' fees and costs of $123,482.92. *Id.*, 12. For the reasons set forth below, given that SUNY has failed to establish that Defendant acted in bad faith, SUNY's Motion is denied.

### A. **28 U.S.C. § 1927 and the Court's Inherent Power**

28 U.S.C. § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

*Id.* "By its terms, § 1927 looks to unreasonable and vexatious multiplications of proceedings; and it imposes an obligation on attorneys throughout the entire litigation to avoid dilatory tactics." *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 948 F.2d 1338, 1345 (2d Cir. 1991) (citing *Oliveri v. Thompson*, 803 F.2d 1265, 1274 (2d Cir. 1986)). "Bad faith is

6

the touchstone of an award under this statute." *Id.* (citing *McMahon v. Shearson/Am. Exp., Inc.*, 896 F.2d 17, 21 (2d Cir. 1990)).

The Court also "has the inherent power to sanction for improper conduct, which derives from 'the very nature of courts and their need to be able to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Steimel v. Inc. Vill. of Rockville Ctr.*, 965 F. Supp. 366, 374 (E.D.N.Y. 1997) (quoting *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 948 F.2d 1338, 1345 (2d Cir. 1991)). Sanctions under the Court's inherent power "must be exercised with restraint and discretion," to be granted upon a showing of "bad faith, vexatious[], [or] wanton[] acts or actions otherwise undertaken for oppressive reasons." *International Techs. Mktg., Inc. v. Verint Sys., Ltd.*, 991 F.3d 361, 368 (2d Cir. 2021) (internal quotations omitted). In any event, "[a] finding of bad faith, and a finding that conduct is without color or for an improper purpose, must be supported by a high degree of specificity in the factual findings." *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 55 (2d Cir. 2018).

The Second Circuit has held:

> the only meaningful difference between an award made under § 1927 and one made pursuant to the court's inherent power is . . . that awards under § 1927 are made only against attorneys or other persons authorized to practice before the courts while an award made under the court's inherent power may be made against an attorney, a party, or both.

*Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986). The same type of conduct, however, is sanctionable under both theories "because both require a similar finding of bad faith." *In re Khan*, 488 B.R. 515, 531 (Bankr. E.D.N.Y. 2013) (citation omitted),

7

*aff'd sub nom. Dahiya v. Kramer*, No. 13-cv-3079, 2014 WL 1278131 (E.D.N.Y. Mar. 27, 2014), *aff'd sub nom. In re Khan*, 593 F. App'x 83 (2d Cir. 2015). Consequently, "requests for sanctions under [§] 1927 and pursuant to the court's inherent authority may be decided in a single inquiry." *Id.* (quoting *In re Green*, 422 B.R. 469, 474 (Bankr. S.D.N.Y. 2010)). Thus, "to impose sanctions under either 1927 or the court's inherent power, a court must find clear evidence that: (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith – that is, motivated by improper purposes such as harassment or delay." *McCune v. Rugged Entertainment, LLC,* No. 08-cv-2677, 2010 WL 1189390, at *3 (E.D.N.Y. Mar. 29, 2010) (quoting *Eisemann v. Greene,* 204 F. 3d 393, 396 (2d Cir. 2000)).

## B. SUNY's Motion for Attorneys' Fees and Costs

As noted above, SUNY argues that sanctions are warranted against Telluric due to: (1) Defendant's persistence in its claims against SUNY despite its sovereign immunity defense; (2) Telluric's repeated delay of the adjudication of this action and (3) Ivanciu's and Radulescu's violation of multiple court orders to obtain counsel. *See* SUNY Mem., 7-10. While the Court acknowledges Defendant's role in the tortured history of this litigation, sanctions are inappropriate.

For one, while Telluric's claims against SUNY may have been barred by Eleventh Amendment sovereign immunity, that fact alone does not warrant sanctions. *See Maren v. Rowe,* 910 F.2d 1043, 1047 (2d Cir. 1990) ("[N]ot all unsuccessful legal arguments are frivolous or warrant sanction."); *JGIAP RH 160 LLC v. CRI Holding Corp.*, No. 21-CV-02489-DG-JRC, 2023 WL 5979125, at *24

8

(E.D.N.Y. Aug. 16, 2023), *report and recommendation adopted*, No. 21CV02489DGJRC, 2023 WL 6307320 (E.D.N.Y. Sept. 28, 2023) (noting that even if claims were entirely frivolous, movant must still demonstrate bad faith). Here, SUNY has failed to offer any evidence that Telluric brought its counterclaims against SUNY in bad faith. *See Doe v. 239 Park Ave. S. Assocs., LLC*, No. 21-cv-279, 2022 WL 4592713, at *9 (S.D.N.Y. Sep. 30, 2022) (declining to award sanctions where defendant offered no evidence to support conclusory allegation of bad faith); *McCune*, 2010 WL 1189390, at *5 (denying motion for sanctions were movant set forth only "bald, conclusory allegations of bad faith"). SUNY simply asserts that Defendant "despite being informed of SUNY's immunity from suit, refused to reconsider [its] claims." SUNY Mem., 8. Moreover, while SUNY asserts that all claims against it were barred by sovereign immunity, that issue was never decided. Judge Seybert dismissed Defendant's claims against SUNY based on Telluric's failure to prosecute this action or obtain counsel. *See* DE [184] (declining to address remaining arguments for dismissal).[3]

Similarly, although there is ample documentation of Defendant's attempts to delay adjudication of this action, SUNY has not established that these actions were taken in bad faith. While Telluric's efforts to delay the litigation – and Radulescu's

---

[3] SUNY cites caselaw from outside this Circuit to support the proposition that the Court has the authority to award fees as a sanction where a party engages in litigation against an adversary that is immune from suit. *See Cotterill v. City & Cnty. of San Francisco*, No. C 08-2295 JSW JL, 2010 WL 1223146, at *13 (N.D. Cal. Mar. 10, 2010), *report and recommendation adopted*, No. C 08-02295 JSW, 2010 WL 1910528 (N.D. Cal. May 11, 2010), *aff'd in part, remanded in part sub nom. Haynes v. City & Cnty. of San Francisco*, 474 F. App'x 689 (9th Cir. 2012). In that case, however, the Court concluded that Eleventh Amendment immunity "had been clearly established" and yet counsel continued to pursue the plaintiff's claims. Here, there is no evidence that SUNY's immunity was clearly established, nor was such a determination made by this Court or Judge Seybert.

attempt to intervene and become a party in his own right – may have been meritless, there is no evidence to suggest they were undertaken for an improper purpose. SUNY asserts – without further explanation or corroboration – that Defendant was motivated exclusively to delay this action and prevent SUNY from exiting. *See* SUNY Mem., 9. It is equally likely, however, that Telluric's actions were driven by its desire to obtain counsel and prosecute its counterclaims. In any event, without evidence of bad faith, this Court cannot award sanctions. *See Doe,* 2022 WL 4592713, at *9; *McCune*, 2010 WL 1189390, at *5.

Lastly, SUNY argues that sanctions are warranted because Defendant failed to comply with multiple court orders and that a finding of bad faith is not required when awarding sanctions on that basis. *See* SUNY Mem., 9-10. There is an exception to the bad faith requirement where a court sanctions an attorney for misconduct or violation of court orders relating to his or her professional responsibility, rather than actions taken for the benefit of a client. *See Rossbach v. Montefiore Med. Ctr.,* 81 F.4th 124, 143 (2d Cir. 2023); *Gortat v. Capala Bros., Inc.*, No. 07 CV 3629 (ILG), 2009 WL 10706564, at *13 (E.D.N.Y. June 3, 2009) ("[W]hen the district court invokes its inherent power to sanction misconduct by an attorney that involves . . . violation of a court order or other misconduct that is not undertaken for the client's benefit the district court need not find bad faith before imposing a sanction under its inherent power."). "A sanction of attorneys' fees, [however], . . . must always be supported by a finding of bad faith." *Rossbach,* 81 F.4th at 143 (citing *U.S. v. Seltzer,* 227 F.3d 36, 41-42 (2d Cir. 2000)). Here, SUNY seeks attorneys' fees, so a finding of bad faith is

10

still required. Although Telluric repeatedly violated court orders to obtain counsel, there is no evidence that they did so in bad faith. Accordingly, sanctions are unwarranted, either pursuant to § 1927 or the Court's inherent power.

I. **CONCLUSION**

For the reasons set forth above, SUNY's Motion is denied in its entirety.

Dated:   Central Islip, New York
         August 6, 2024        **SO ORDERED:**

                                          /s/ Steven I. Locke
                                          STEVEN I. LOCKE
                                          United States Magistrate Judge